JOSEPH A. HAYWOOD v. MARCELLUS ROGERS.

A contract betwe n A and B, that A might tend so much of B's land as he could cultivate with one horse during the year 1871; and that A was to pay B as rent, two bales of cotton out of the first picking—no part of the crop to belong to A until the rent was paid—constitutes A a cropper, and not a tenant of B.

(*Dean* v. *Rice*, 4 Dev. & Bat. 431, cited and approved.)

CIVIL ACTION tried before *Henry, J.*, at January (Special) Term 1875, WAKE Superior Court.

The plaintiff alleged : that on or about the first day of January, 1871, he agreed with the defendant, that defendant might tend so much of plaintiff's land as he could cultivate with one horse, during the year 1871. That he was to pay as rent for the same two bales of cotton to be paid out of the first picking. No part of the crop was to be the property of

the defendant until the rent was paid. The defendant raised upon said land, more than two bales of cotton ; but took possession of the same and refuses to deliver the same to the plaintiff, alleging that the contract was to pay one-fourth of the crop.

That plaintiff has had two bales of said cotton levied on by the process of this court in order to discharge said rent. The plaintiff therefore demanded judgment that said two bales of cotton be delivered to him, &c.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action :

1. In that said complaint shows upon its face that defendant is a tenant and not a cropper.

2. That the complaint does not allege that the contract upon which this action was brought was in writing.

His Honor overruled the demurrer and gave judgment for the plaintiff, and thereupon the defendant appealed.

*Busbee & Busbee,* for appellant.
*Fowle,* contra.

PEARSON, C. J. The legal effect of a lease for years, is to vest the ownership of the land in the tenant during the term, leaving a reversion in the landlord. This has been settled law ever since the days of Chief Justice ROLLE, when it was considered that the plaintiff in an action of ejectment should have a writ of possession. The tenant is entitled to estovers, house bote, cart bote, &c., and *the crop belongs to him.*

The landlord has no right to put his foot upon the land during the term, and has no more right to interfere with the crops than a mere stranger. *Dean* v. *Rice,* 4 Dev. Bat. 431.

The demurer waives all other proof and the defendant undertakes to show on the argument, that the relation of landlord and tenant is established by the allegations of the complaint.

The only thing set out in the complaint that squints at the relation of landlord and tenant is the use of the words "The defendant was to *pay* as *rent* two bales of cotton," &c. This feature of the case looks like a term for years.

*Per contra*, as the merchants say, item 1. The land is not identified, and it is necessary to make a lease valid, that the subject matter be certain. "As much land as he could tend with one horse" is too indefinite to pass an estate. Admit that under the maxim *id certum est, quod certum reddi potest*, this certainly was fixed by the fact that the defendant undertook to work with one horse a certain number of acres. Still the want of identification in the first instance points at the relation of a cropper, rather than that of tenant.

Item 2. No provision is made as to where the defendant is to live during the supposed lease, and have his estovers as is provided, wherever a lease is intended.

Item 3. "No part of the crop is to be the property of the defendant, until the two bales of cotton are received out of the first picking." This stipulation excludes the notion that the defendant was to be put on the footing of a tenant, and stamps on him by an unmistakable mark, the character of a cropper. Was it a lease? Whereas the defendant says, this shows it was not a lease. Our conclusion is, that this stipulation, with the surroundings of the case as set out in the complaint, establish the relation of owner and cropper, and not the relation of landlord and tenant. Upon the allegations of the complaint we take this view of the matter.

The plaintiff wanted to get some one to work his land; the defendant wanted to work as much land as he and his horse could cultivate. So it is agreed, work as much land as you can cultivate with your one horse—at a rent of two bales of cotton for the use of the land, taking your pick and choice, and in order to secure the payment of said two bales of cotton, it is agreed that you are not to be a lessee for years entitled to an estate in the land, estovers and the property in the crop—

but you are to be a cropper. The whole crop is to be mine, until I get two bales of cotton out of the first picking, and then you have the balance in payment for your labor. No error.

PER CURIAM.                                        Judgment affirmed.