### DENTON IJAMES v. E. L. GAITHER et als.

*Mortgage—Registration Notice—Surety—Subrogation— Consideration—Statute of Limitations.*

1. Where a mortgage or deed of trust is registered upon a proper probate, it is notice to all the world, of the existence of the mortgage, of its contents, and of the nature and extent of the charge created by it.

2. When a party is put upon inquiry, he is presumed to have notice of every fact and circumstance which a proper examination would enable him to find out.

3. Where a mortgage was executed by a debtor to indemnify his surety, but who had not paid the debt ; *Held*, to be notice to a purchaser after its registration, of the right in equity of the creditor to subject the land to the payment of his debt.

4. When a debtor executes a mortgage to his surety to indemnify him, the creditor has an equitable claim to the security, and upon the insolvency of both principal and surety, he may subject the mortgaged land to the payment of his debt, and this is so, not only when the mortgage stipulates that the mortgagor shall pay the debt, but also when it merely provides that the surety shall be saved harmless.

5. This right of the creditor is not lost, although the personal remedy against the surety is barred by the statute ; or if the surety has never been damnified and is insolvent.

6. The debt due the creditor supplies the consideration to support the equity.

7. In such case, as soon as the deed of indemnity is executed, the equitable right of the creditor attaches, and it is not in the power of the surety to put it beyond his reach.

IJAMES *v.* GAITHER.

(*Flemming* v. *Burgin*, 2 Ired. Eq., 584; *Leggett* v. *Bullock*, Busb., 283; *Robinson* v. *Willoughby*, 70 N. C., 358; *Blackwood* v. *Jones*, 4 Jones Eq., 54; *Wiswall* v. *Potts*, 5 Jones Eq., 184; *Matthews* v. *Joyce*, 85 N. C., 258; *Capehart* v. *Dettrick*, 91 N. C., 344, cited and approved).

CIVIL ACTION tried, on a case agreed, by *Graves, Judge,* at Fall Term, 1885, of the Superior Court of DAVIE county.

The following facts were agreed upon between the parties to the action:

That on the 7th day of April, 1874, the defendant W. B. Jones borrowed of the plaintiff the sum of one hundred dollars, and executed to him his promissory note for the payment of the same, with the defendant R. M. Austin as surety thereon, which is hereto attached, marked "A."

That on the same day, but after the said R. M. Austin had become surety, he being at the time solvent, Jones executed to Austin a deed of mortgage, dated on the 7th day of April, 1874, and duly recorded in the registry of Davie county, on the 23d day of December, 1874, conveying to said Austin the lot of land situated in the town of Mocksville, in said county, and which is described in the pleadings in this action, and is as follows, to-wit:

"Know all men by these presents that I, W. B. Jones, of Davie county, North Carolina, for and in consideration of the fact that R. M. Austin has this day signed my note to Denton Ijames, agent, for the sum of one hundred dollars ($100) as surety, and to secure him in the same, bargain and sell to the said Austin all my right, title and interest in and to a certain lot in the town of Mocksville, and adjoining the lot now occupied by me, and known as the "Dr. Jesse Carter office," to have and to hold to him, the said Austin, and his heirs forever. The condition of this deed is, that if I pay off and discharge the said note held by the said Ijames, agent, on demand, the said deed to be void and of no effect, and if I do not, and said Austin should have the same to pay, then to be in full force and effect.

"Dated this 7th of April, 1874.

"W. B. JONES, [Seal].

"Witness: C. Price."

That thereafter, on the 19th day of July, 1876, the said Jones borrowed of the defendant J. M. Clement, who had no actual notice of the mortgage from Jones to Austin, the sum of $288, and executed to him a deed of mortgage conveying to him the same lot of land as security for the repayment thereof.

That Clement advertised and sold the land under his mortgage at the court house in Mocksville, on the 19th day of May, 1884, at which sale the defendant E. L. Gaither became the purchaser at the price of $201, upon the payment of which, Clement executed to him a deed for the land; that plaintiff was present at the sale, and publicly forbade the same.

That the defendant Gaither is in the possession of the land, and has been since his purchase thereof, and has made permanent valuable improvements thereon.

That R. M. Austin has never paid anything on the note to Ijames, and now refuses to pay anything, and nothing can be made out of him, by reason of his insolvency.

This action was begun by issuing the summons the 22d day of August, 1884.

That plaintiff seeks in this action to be subrogated to the rights and benefits of the security taken by defendant Austin, as surety on said promissory note from Jones as the principal therein, and it is submitted to the Court to say upon the facts agreed whether the plaintiff is entitled to the relief.

The Court upon the above facts rendered judgment as follows:

" This cause coming on to be heard upon the pleadings, and a case agreed, before his Honor, J. F. Graves, Judge presiding, it is now, on motion of counsel for the plaintiff, ordered, adjudged and decreed, that the plaintiff recover of the defendant W. B. Jones, the sum of ...... dollars, of which sum ...... dollars is principal and ...... dollars interest and costs.    That said claim is barred by the statute of limitation as to the defendant R. M. Austin; and it is further considered that the plaintiff has an equitable right to have the said sum declared a lien upon the real estate described in the complaint; and it is therefore further

adjudged, that in case the said sum above named, is not paid on or before the 1st day of January next, then and in that case the sheriff of Davie county shall, after duly advertising the time and place of sale, in the same manner as sales under execution are required by law to be made, shall sell the real estate described in the pleadings, and of the proceeds of such sale, pay said debt and the cost of this suit, and pay any surplus over to the defendant E. L. Gaither.

"The plaintiff is not entitled to recover any personal judgment against J. M. Clement."

From the judgment, the defendant E. L. Gaither appealed.

*Messrs. Coke & Williamson,* for the plaintiff.
*Messrs. Watson & Buxton,* for the defendant.

ASHE, J., (after stating the case). Formerly it was held by our Courts of Equity that notice of a prior unregistered mortgage or deed in trust might be given by parol, and would give relief against a subsequent deed first registered. The consequence was, that many deeds were withheld from the registry, and were only used when the parties wished to do so.

It was found that many abuses and ills arose from this practice, and to obviate them, the Legislature passed the act of 1820, requiring all mortgages and deeds of trust to be registered within six months from their execution. But it was ascertained that the act only partially relieved the evil, and the act of 1829 was then passed, which provided that "no deed of trust or mortgage for real or personal estate shall be valid at law to pass any property, as against creditors or purchasers for a valuable consideration from the bargainor or mortgagor, but from the registration," &c., and when a mortgage or deed of trust is registered upon a proper probate, it is held to have the effect of notice to all the world and attaches itself to the legal estate, and is notice to a subsequent purchaser from the mortgagor. *Flemming* v. *Burgin,* 2 Ired. Eq., 584; *Leggett* v. *Bullock,* Busb., 283; *Robinson* v. *Willoughby,* 70 N. C., 358.

But it is insisted that the registration of the mortgage which the plaintiff seeks to foreclose, was a deed of mortgage from W. B. Jones to R. M. Austin and not to the plaintiff, and that when the purchaser came to examine the register's books, he found no mortgage from W. B. Jones to the plaintiff, and the registration of the deed from Jones to Austin was no notice to him, of any equity in the plaintiff. But the deed on its face showed for what purpose it was given. It clearly stated that Jones, in consideration of the fact that Austin had signed his note to the plaintiff as security, executed the deed to secure the said Austin against loss or liability as such. It was notice to the world that Jones had conveyed the property in question to Austin as an indemnity to him as surety on his note payable to the plaintiff. If the registration is notice of the existence of the deed, it is notice also of its contents, and of the nature and extent of the charge. 1 Jones on Mortgages, §593. For whatever is sufficient to put a party on inquiry, he is presumed to have notice of every fact and circumstance which a proper inquiry would enable him to find out. 1 Story's Jurisp., §400 ; *Blackwood* v. *Jones,* 4 Jones Eq., 54.

Assuming, then, that the defendant is affected with notice of the mortgage, the question arises, did the mortgage enure to the benefit of the plaintiff Ijames?

The principle is so well settled, as not at this day to admit of controversy, that when a mortgage is given by a principal debtor to his surety to indemnify him as such surety, the creditor has an equitable claim to the securities, and upon the insolvency of both principal and surety may have the security subjected to the satisfaction of his debt, and this is so, not only when the condition is that the mortgagor shall pay the debt, but also when it merely stipulates that he shall indemnify the surety. Jones on Mortgages, §387. In deeds of this character, it is held that the debt of the creditor supplies the consideration to support it, and consequently the creditor is considered the primary object of the trust, and the indemnity of the surety is secondary, to follow, as an incident, the payment of the debt to the creditor out of the

funds which his debtor has provided." *Wiswall* v. *Potts*, 5 Jones Eq., 184. To the same effect is *Matthews* v. *Joyce*, 85 N. C., 258.

The principle is one founded in the clearest justice. The assignment of the security by the principal debtor to his surety is an implied appropriation of the property or funds to the payment of the debt. For it makes no difference whether the surety appropriates the funds at once to payment of the debt, or advances out of his own pocket the money, he would still hold it for his indemnity so, *quacumque via data*, the security is ultimately applied to the payment of the debt. We think it clearly to be gathered from the authorities that as soon as such a deed of indemnity is given, the equitable right of the creditor attaches to it, and it is not in the power of the surety to put it beyond the reach of the creditor. If this were not so, the principal debtor, by collusion with the surety, or by providing against the contingency of his having the debt to pay, which might never happen—the creditor might be hindered and defrauded out of the collection of the debt.

The same doctrine is maintained in Vermont. In *Merrill* v. *Merrill*, 53 Vt., 74, it was held that "when an assignment of securities is made by the principal to the surety for indemnity merely, an implied trust is raised in favor of the creditor, which he may enforce on the maturity of the debt, whether the surety has been damnified or not, and whether the principal or surety, either or both, are insolvent," and numerous cases are cited by the Court in support of the proposition.

The fact that the action upon the note in question is barred, after three years, as against Austin, the surety thereto, cannot affect the plaintiff's remedy upon the mortgage, for the limitation provided by statute for the enforcement of liens by mortgage is ten years; and although the remedy upon the note may be taken away by the lapse of time, "the debt itself, which the mortgage is given to secure, remains unsatisfied, and the enforcement of the security to coerce the payment of the debt, is per-

mitted upon equitable rules." *Capehart* v. *Dettrick*, 91 N. C., 344, and cases there cited, and in Jones on Mortgages, §387, the same doctrine is announced, with appropriate application to the facts of this case. There, the author, after laying down the broad proposition that when the principal maker of a promissory note gives a mortgage to his surety on the note, to save him harmless, it creates a trust and an equitable lien for the holder of the note, adds, "and even after the surety's liability to the holder of the note is barred by the statute of limitation, he holds the property subject to such trusts and liens."

Our opinion is there was no error in the judgment of the Court below. This must therefore be certified to the Superior Court of Davie county, that the case may be proceeded with in conformity with this opinion.

No error.                                              Affirmed.