L. C. HOWLAND et al. v. JOHN FORLAW.

*Lessor and Lessee—Lien of Landlord—Distress—Tenant.*

1. Except in case of landlord and tenant provided for specially by statute, the lessor has no lien upon the product of the leased property as rent; it is for all purposes, until division, deemed vested in the tenant, and his sale to third persons before the rent is ascertained and set apart conveys a good title.

2. The common law remedy of lessors by distress does not obtain in this State.

This was a CIVIL ACTION, in the nature of trover, brought to recover the value of certain fish-scrap and oil sold by B. L. Webb & Co., who were in charge of plaintiffs' mills, to the defendant, tried at Fall Term, 1890, of the Superior Court of CARTERET County, before *Armfield, J.*

His Honor refused to give instructions asked, and charged the jury as follows:

"That the contract between plaintiffs Howland and B. T. Webb & Co., was not a copartnership contract, but was a contract of rental of the property of plaintiffs for one-fourth

of the product of the factory. That if the plaintiffs were in possession of the property in controversy, under the contract introduced in evidence, the same having been delivered to them, and defendant purchased it and took it away, then, whether said property (scrap and oil) was divided or not, the plaintiffs are entitled to recover, that being the effect of the contract."

The defendant requested the Court, among other prayers, to give the following instruction:

"4. If said Benjamin T. Webb was the lessee of plaintiff of 'The Steep Point Fish-scrap and Oil Factory,' and was in possession of said factory and fish-scrap and oil therein, under an agreement to pay, as rent therefor, a portion or percentage of the profits or the gross products of scrap and oil, and the defendant Forlaw purchased from said Webb from said factory, fish-scrap and oil *in bulk, or which had never been divided, or set apart to plaintiffs as rent,* then the plaintiffs are not entitled to recover any amount, as plaintiffs had no possession, or right of property, sufficient to maintain this action, nor any lien by statute or otherwise in the fish-scrap and oil until a division. The plaintiffs' cause of action is against Benjamin T. Webb, if anyone."

The defendant excepted to the instruction given, and to the refusal to charge as requested. Defendant appealed.

The other material facts are stated in the opinion of the Court.

No counsel for plaintiff.
*Mr. C. R. Thomas, Jr.,* for defendant.

AVERY, J.—after stating the facts: By the terms of the covenant entered into between the plaintiffs Ralph Howland and L. C. Howland and B. F. Webb & Co., the plaintiffs agree to "furnish" the firm "a purse seine and two purse boats, also the fish-scrap and oil works, with appurtenances,

situated on Steep Point on North River," while Webb & Co. agreed to "deliver" to him "one-fourth of the gross product of oil and scrap of said factory, seine oil to be barrelled and scrap in bulk in scrap-house, all to be in shipping order." B. T. Webb & Co. further covenanted to pay all of the expenses of catching fish and that incurred in running the factory during the year, and to fill certain engagements for furnishing scrap previously made by the plaintiffs with a customer.

Before it was declared by statute (*The Code,* § 1754) that crops raised on land leased for agricultural purposes should be deemed vested in the landlord to secure the payment of his rents, his advancements and expenditures for making and saving crops, and the performance on the part of the tenant of the stipulations in the lease, the title to the whole of the crop was, in contemplation of law, vested in the tenant (even where the parties had agreed upon the payment as rent of a certain portion of the crop) until a division had been made and the share of the landlord had been set apart to him in severalty. *Deaver* v. *Rice,* 4 Dev. & Bat., 431; *Gordon* v. *Armstrong,* 5 Ired., 409; *Biggs* v. *Ferrell,* 12 Ired., 1; *Ross* v. *Swarringer,* 9 Ired., 481. This was an agreement to pay for the rent of the manufacturing establishment, the seine and boats, a certain proportion of the oil and scrap manufactured, instead of a rent in money, and constituted Webb & Co. neither partners nor servants (or croppers) of Howland, but simply renters. *Biggs* v. *Ferrell, supra,* and *Ross* v. *Swarringer, supra.* Webb & Co. were to divide the product of the mill and set apart Howland's share. The oil works, with all appurtenances, situated on Steep Point, were described with sufficient certainty to pass a definite interest. These provisions in the agreement are distinctive characteristics of a lease. *Harrison* v. *Ricks,* 71 N. C., 7, and *Haywood* v. *Rogers,* 73 N. C., 320. As the works, with appurtenances, were not demised for agricultural purposes, no lien

in favor of the lessor attached to the scrap and oil 'made. The plaintiffs have only their common law remedy. The common law right of distress or rent was held to be inconsistent with the spirit of our statutes in North Carolina. Taylor's Landlord and Tenant, § 558; *Deaver* v. *Rice, supra.* Where a plaintiff recovered in an action of ejectment, the crop growing on the land when he was not in possession passed with the land, but he could neither recover specific articles (whether crops or trees) that had been severed from the land during the occupancy by the trespasser, in an action of replevin, nor their value in trover, of one who had bought from the latter. *Brothers* v. *Hurdle,* 10 Iredell, 490; *Ray* v. *Gardner,* 82 N. C., 454; *Harrison* v. *Hoff,* 102 N. C., 128. The remedy in such cases was an action of trespass for *mesne* profits against the party evicted. The very forcible reason given by PEARSON, J., for adopting this rule was that, in a country where there were no markets, overt public policy forbade that everyone who purchased a load of wood or a bushel of corn should incur a liability to the owner of the land from which it had been severed, if it should afterwards appear that they had purchased from a tenant holding over, or other trespasser. *Brothers* v. *Hurdle, supra.* The public would be subjected to the same inconvenience if every purchaser of fish-scrap or oil from the lessees of an establishment where it is made subjected himself to a liability equal to the value of the article purchased, in case of failure on the part of the lessee to pay the full amount of rent according to the stipulations of the lease. The plaintiffs abandoned the ancillary remedy (claim and delivery), and relied upon showing a conversion of their property by the defendant, who had bought a quantity of scrap and oil, the product of the works leased, from B. T. Webb & Co. It is manifest that they can neither maintain an action of trover against the purchaser from Webb & Co. for the value of the property, nor resort to the ancillary remedy and thereby establish a right to seize

the specific article sold by said lessees.    Cooley on Torts, page 445.    Having no lien by virtue of *The Code*, § 1754, until the receipt of their rent in kind, plaintiffs can look only to the lessees to deliver it, or account for its value if they sell.    The lessees, until the division was made under the contract with the lessor, were, in contemplation of law, the owners of all of the scrap and oil manufactured.    The effect of a sale of any part of the scrap or oil made was to subject them to liability to the lessors *pro tanto* for the value of the landlord's proportion.    There was error in the refusal of the Judge to charge that, under the contract, B. T. Webb & Co. were lessees, and the defendant incurred no liability by buying scrap that had not been set apart and delivered to plaintiffs, or their agent, as rent, and that, by a sale of any portion of the undivided products of the manufacturing establishment leased to them, B. T. Webb & Co. passed a good title to the purchaser.    For the error pointed out, a new trial must be awarded.    It is useless to discuss the other assignments of error.                                             New trial.