W. H. WHITE *et al.* v. GRANVILLE FOX, JERRY FOX and L. H. WISE, Administrator of E. W. Rowe.

(Decided December 22, 1899.)

*Note for Value of Growing Timber—Damage to Land.*

1. A plaintiff can not sue for the possession of a note, and recover the value of growing timber for which the note was given.

2. Where a person in adverse possession of land sells the growing timber, which is cut and removed, and the purchaser gives his note for the price to the person in possession, who is afterwards evicted by the true owner, the latter can not maintain an action for the note, nor for the severed timber.  His remedy is an action in the nature of trespass for damage done to his freehold, against the party who did it.

CIVIL ACTION for a promissory note, tried before *Allen, J.,* at Spring Term, 1899, of ALEXANDER Superior Court. His Honor adjudged upon the pleadings and evidence that the plaintiffs could not recover.    The plaintiffs excepted and appealed.    The case is stated in the opinion.

*Messrs. Armfield & Turner,* and *W. C. Newland,* for appellants.

*Messrs. T. M. Hufham, A. L. McIntosh,* and *J. L. Gwaltney,* for appellees.

WHITE *v.* FOX.

MONTGOMERY, J.   After the evidence was all in and the argument of counsel concluded, his Honor intimated the opinion that, upon the complaint, it appeared that the action was for the note mentioned in the complaint, and not for damages to the freehold, and that the plaintiffs could not recover. The plaintiffs insisted, however, that the case should go to the jury, which being done, the Court instructed the jury to find in answer to the first issue, that the land was the property of the plaintiffs; in answer to the second issue, that Granville Fox and E. W. Rowe caused to be cut and severed from the land the timber grown thereon, and in answer to the fourth issue, that the plaintiffs were not the owners of and entitled to, the possession of the note in controversy. The first and second allegations of the complaint contain statements of the death of Rowe, and the appointment of the defendant Wise as his administrator, and of the plaintiffs' ownership of the lands; and the balance of the complaint is as follows:

"3. That during the fall and winter of 1894-'5 the testator, E. W. Rowe, being in possession of the plaintiffs' land above described, unlawfully and without right, undertook to cut and remove, and did cause to be cut and removed by the defendant Granville Fox, all the marketable timber then growing and standing upon the plaintiffs' land, so that said land was stripped of its timber, and rendered almost valueless.   That as the plaintiffs are informed and believe, the defendant Granville Fox and said E. W. Rowe made and entered into contract whereby the said Granville Fox agreed to pay said Rowe the sum of $212, and gave his promissory note to said Rowe for said sum. That plaintiffs are informed and believe, and so allege, that the sole consideration of the note aforesaid was the timber belonging to plaintiffs which was unlawfully sold to him by said E. W. Rowe.

"4. The plaintiffs further allege, upon information and belief, that the testator of defendant Wise in his lifetime pledged the said note to Jerry Fox as collateral security, or to indemnify him against loss as bondsman on a defense bond in an action wherein the parties to this action sought to recover said lands, and in which they recovered the same, and that said note is now in the hands of said Jerry Fox. That said Jerry Fox took said note with full notice of the fact that it was given for plaintiffs' timber, and with full notice of plaintiffs' rights.

"5. That the plaintiffs immediately after the termination of the action wherein they were declared to be the owners of said land, and wherein the possession of said E. W. Rowe was declared to be wrongful, gave notice to the maker of said note not to pay the same to anyone, and to said Jerry Fox not to collect the same."

After a careful reading and consideration of the complaint, we are of the opinion that his Honor's conclusion as to the nature of the action, and his instructions to the jury, were correct.

If the action had been for damages to the freehold it was necessary that the injury should have been alleged to have been committed by Rowe, who was in adverse possession of the land, and who sold the timber therefrom to Granville Fox. But that is nowhere intimated in the complaint, in so far as a specific charge to that effect is made against Rowe as a foundation for the action, and nowhere in the complaint is there an allegation of the *amount* in dollars and cents in which the land has been damaged. It is nowhere stated in the complaint that the amount of damage to the land was equal to, or more or less, than the amount of the note. On the other hand, the complaint does show distinctly that the note was the specific thing sued for; and while the prayers

for relief at the end of the complaint can not affect the cause of action set out in the complaint by confining the plaintiffs ot the relief prayed for, yet, in this case, it is significant that all the prayers for relief are concerning the possession of this note and the collection of it for the benefit of the plaintiffs, while there is no demand for damages for injury to the land. This case does not fall under the principle of equity announced by the Court in the case of *Ijames v. Gaither,* 93 N. C., 358.

The plaintiffs, in their complaint, seek no such relief, and there is not a word in reference to the principle in *Ijames v. Gaither, supra,* in the brief of the appellants' (plaintiffs') counsel.  Every contention of the plaintiffs is purely legal and for the possession of the note, and an insistence that upon the face of the complaint there is a sufficient allegation for damages.  If, in the former suit of the plaintiffs against Rowe for the possession of the land, in which the plaintiffs recovered judgment for the possession of the land and for their costs, the defendant Rowe, and Jerry Fox, the surety on Rowe's bond for costs, had been insolvent and unable to respond to the payment of the costs, then, in equity, the note which Rowe had put into the hands of Jerry Fox to indemnify him against loss, if any he should sustain, by reason of his having signed Rowe's bond for the costs, could have been reached by the plaintiffs for their benefit to the extent of plaintiffs' costs, under the principle enunciated in *Ijames v. Gaither, supra.*  The note was put in the hands of Jerry Fox, not to indemnify him against loss on account of any alleged connection of Jerry Fox with the alleged injury to the land, for he had no connection with it, but simply to indemnify him against loss by reason of his having signed defendants' bond for costs and damages in the land suit, under sec. 237 of The Code.

WHITE *v.* FOX.

Was his Honor's ruling then, that the note could not be recovered, correct? We are of the opinion that it was. Rowe was in adverse possession of the land from which the timber had been cut and severed. He sold the timber to Granville Fox and took notes therefor with Jerry Fox as security, one of which notes is the one in controversy. The plaintiffs could not have recovered the timber after it was severed from the land, for, if they could, then it would follow that they could recover the value of the same from any person to whom it might have been sold; and such a rule would make every purchaser from a person in possession, and claiming the land as his own, a guarantor of that person's title. Such a rule can not be the law. In *Brothers v. Hurdle,* 32 N. C., 490, the defendant had been the plaintiff in a suit for the possession of a tract of land, and when put in possession found thereon growing crops, and crops gathered and stored in the cribs; he took possession of both. In a suit in *trover* by the defendant in the action in ejectment for the gathered crops, the jury found, under the instruction of the Court, that the plaintiffs should recover the value of the severed crops. The instruction was sustained by this Court. In the opinion in that case the Court said: "If the defendant had a right to take the specific articles, he would for the same reason be entitled to recover their value in *trover* against the plaintiff or anyone to whom he might have sold them. The amount of which would be where one, who has been evicted, regains possession, he may maintain *trover* against everyone who has bought a bushel of corn or a load of wood from the trespasser, at any time while he was in possession  *  *  * There is no authority for it in our Reports, the invariable practice having been to bring trespass for mesne profits and for damages if there has been any destruction to the freehold." And the Court further said in the same opinion, after

drawing the distinction between the wrongful act of a tenant in cutting and severing trees, or disposing of crops, or one having a particular estate, and one in possession of land claiming the property as his own: "But where one who is in the adverse possession gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the thing severed becomes a chattel, but it does not become the property of the owner of the land, for his title is divested—he is out of possession, and has no right to the immediate possession of the thing, nor can he bring any action till he gains possession. Then, by the *jus postliminii* or fiction of relations, he is considered as having been in possession for the purpose of bringing trespass *quare clausum fregit* with a *continuendo* from day to day, in which he recovers the value of the *mesne* profits and damages for the injury done to his freehold by the severance of any part of it, or for any other injury consequent to the breach of his close."

The same principle is applied in the cases of *Ray v. Gardner,* 82 N. C., 454; *Faulcon v. Johnston,* 102 N. C., 264; *Howland v. Forlaw,* 108 N. C., 567. If the timber, then, could not have been recovered by the plaintiffs, nor a purchaser of the same have been made to account for its value, certainly the note for which the timber was given can not be recovered—the principle is the same.

There was no error.