W. B. REYNOLDS, exr., v. J. N. TAYLOR et al.

(Filed 20 March, 1907).

1. **Landlord's Lien—Lessors by Distress.**—The landlord's lien under section 1993, Revisal, only attaches under the express terms of the statute, the common-law remedy of lessors by distress not obtaining in this State, and is only given when lands are rented for agricultural purposes, vesting the crops raised on the land in the lessor till the rent therefor shall be paid.

2. **Same—Rent—Store—Lands—Indivisible Contract.**—When the defendant rents a store upon the plaintiff's lands for mercantile purposes and the land for agricultural purposes, under an entire and indivisible contract to pay therefor $40 and a certain portion of the crops to be raised on the land as an entire rent for the store and lands, without apportionment of any distinct part to be paid for the store, and such is established by the verdict of the jury under a correct charge upon a properly responsive issue, the plaintiff has a landlord's lien on all the products grown on the land until the entire rent is paid.

3. **Same—Agricultural Lien—Special Instruction.**—Intervenors claiming an agricultural lien have the right to have their contention, supported by the evidence, properly submitted to the jury in the principal charge or in response to their prayers for special instruction, that though the rentings were made at the same time, and in one and the same contract, if the rental of $40 was apportioned for the store and that from the crops apportioned for the rental of the lands, the contract was divisible, and the statutory lien of the landlord would not attach as to the store, and it was error in the Court below to ignore or repudiate this position.

4. **Same—Proper Issues Suggested.**—When the plaintiff contends for a landlord's lien and the intervenors for an agricultural lien upon the question of an entire or divisible contract, it were better that the issues be specifically framed to determine whether by the terms of the contract the rent was entire for the property as a whole, or whether by the same or a different contract there was a distinct amount apportioned as rent for the building to be used as a store, and, if so, what sum.

CIVIL ACTION, tried on appeal from justice of the peace, before *Long, J.,* and a jury, at November Term, 1906, of the Superior Court of NASH County.

The action was to determine the rightful claim to $40, part of the proceeds from the sale of certain tobacco grown on the land of one Thomas Reynolds, in the year 1903, by one Joseph Tisdale, his tenant, and turned over to one J. N. Taylor to hold for the party entitled.

The action was instituted by Thomas Reynolds against said Taylor. Thomas Reynolds died since the institution of the suit, and is now represented by Walter Reynolds, his executor.

Defendants Hollingsworth and others were made parties, and claim the amount by reason of an agricultural lien executed by Joe Tisdale for the year 1903, in accordance with Revisal, sec. 2052.

There was evidence to show that Joe Tisdale, under a contract of renting made with Thomas Reynolds, occupied and used a storehouse and certain farming lands attached; that on these farming lands said Tisdale had raised, for said year, certain tobacco which had been sold for $103.95 net, and the $40 in question was a part of this amount; that another part, to-wit, one-fifth, had been paid over to plaintiff on the rent, and the remainder had been turned over to the intervenors on their agricultural lien.

It was admitted that $40 was still due from Tisdale to plaintiff on the contract.

Plaintiff contended, and offered evidence tending to show that the contract between Thomas Reynolds and Joe Tisdale was entire and indivisible, in which defendant took the property as a whole, and was to pay therefor, as an entire rent, $40, one-fifth of tobacco and cotton, one-fourth of other crops, and that the balance due of $40 was, therefore, a landlord's lien on the crops on said lands and superior to intervenor's claim.

The defendant intervenors contended that the contract was severable to the extent that the rent was apportioned, $40

being due for the storehouse, and therefore the amount of rent remaining unpaid was no lien on the fund in question.

Under the charge of the Court the jury rendered a verdict as follows:

"Did the tenant, Tisdale, rent the houses and lands at one time and as one single agreement and contract, and agree to pay as rent for the house $40, and as rent for the land one-fifth of the tobacco and cotton and one-fourth of the balance of the crops? Answer: Yes."

On this verdict judgment was rendered for plaintiff, and defendant excepted and appealed.

*Austin & Grantham* for plaintiff.
*Jacob Battle* for defendants.

HOKE, J., after stating the facts: The landlord's lien, where the same attaches, by the express terms of the statute is made superior to all other liens. This statutory lien, however, is only given when lands are rented or leased for agricultural purposes.

The statute, Revisal, sec. 1993, provides as follows: "When lands are rented, etc., for agricultural purposes, unless otherwise agreed between the parties, the crops, etc., shall be vested in the lessor till the rent for said *lands* shall be paid."

In *Howland v. Forlaw*, 108 N. C., 567, in considering a claim of this character, the Court held that the common-law remedy of lessors by distress does not obtain in this State; and that, unless specially given by statute, a landlord has no lien on the product of the leased property for rent.

Unless, therefore, the $40 which remains due and unpaid from Joe Tisdale, the tenant, to the estate of Thomas Reynolds, his former landlord, is rent due for *lands* leased for agricultural purposes, there is no lien given by this statute for unpaid rent, and the claim of the defendant, by reason of his agricultural lien, must prevail.

The cause having been instituted in a justice's court, there were no written pleadings, and the plaintiff, stating his claim orally, contended that the contract was entire and indivisible; that Tisdale, under the same, rented the property as a whole, and was to pay therefor $40 and one-fifth of the cotton and tobacco and one-fourth of the other crops as an entire rent; and there was no apportionment of any distinct part of the rent to be paid for the house, and offered evidence tending to support the claim as made.

If this position is established under a correct charge and on an issue properly responsive to plaintiff's claim, as stated by him, then we think the plaintiff has a landlord's lien on all the products grown on the land till his entire rent is paid.

On the contrary, defendant, stating his claim, contended (and offered evidence tending to show) that the contract for the store and the lands were two separate and distinct transactions, entered into at different times. And, second, even if made at one time as an entire contract, that by its terms a distinct part of the rent was apportioned for the use of the store, to-wit, $40; and a portion for the use of the agricultural land, to-wit, one-fifth of the tobacco and cotton and one-fourth for the remainder.

If either position contended for by defendant is established, then plaintiff has no lien for the $40 remaining unpaid. It is due and owing for the use of the storehouse for mercantile purposes, and not for lands for agricultural purposes.

An examination of the charge of the Court will show that too much stress was laid on the fact that the contract was for the whole property, made at one and the same time; and that the charge ignores, in fact repudiates, the position that, even if this were true, if it were made for the entire property and

REYNOLDS *v.* TAYLOR.

at one and the same time, and by its terms apportioned a distinct part of the rent to accrue for the storehouse, to-wit, the $40, such rent could, under no proper construction, be awarded as rent of land for agricultural purposes.

Defendant's counsel, in apt time, requested the Court to instruct the jury as follows: "1. Even if store was rented at same time the lands were rented, but the land for the fourth and fifth and the store for forty dollars, that the rent of the store would not be a lien of landlord upon crops raised on lands rented for fourth and fifth." The Court refused to give said instruction, and the intervenors excepted.

"2. That the land and the store might have been rented at same time and still the contracts several, and rent of store not a lien on crops on lands rented for fourth and fifth." The Court refused to give said instruction, and the intervenors excepted.

We think that both of these positions are substantially correct, and defendants are entitled to have this view presented, either in the principal charge or in response to their prayers for instructions; and for this error there will be a new trial.

It may be well to note that the issue as framed is not fully responsive to plaintiff's claim; and the respective positions of the parties should be either presented on a general issue similar to that tendered by plaintiff, or, if the trial Judge desires that the issue should be more specific, it might be framed so as to determine whether by the terms of the contract the rent was entire for the property as a whole, or whether by the same or a different contract there was a distinct amount apportioned as rent for the building to be used as a storehouse; and if so, what sum.

For the error pointed out there must be a new trial, and it is so ordered.

New Trial.