### HUGH J. ROGERS v. J. R. STEPHENS ET AL.

(Filed 18 December, 1929.)

**Deeds and Conveyances F e—In this case held: owner could recover from grantees in timber deed of his tenant-at-will for removal of timber.**

> Where the defendants entered upon lands of the plaintiff and committed trespass in cutting and removing trees growing thereon under an unauthorized contract made with the plaintiff's tenant-at-will, the defendants knowing of the tenancy and that their grantee did not claim the land adversely to the plaintiff, and no facts are shown to estop the plaintiff, he may maintain his action for damages, and a judgment of the trial court dismissing the action is erroneous.

APPEAL by plaintiff from *McElroy, J.,* at May Term, 1929, of JACKSON. Reversed.

Action to recover damages for trespass on the land of plaintiff, and for cutting and removing timber from said land.

From judgment dismissing the action at the close of the evidence, plaintiff appealed to the Supreme Court.

*Sutton & Stillwell for plaintiff.*
*W. R. Sherrill and Alley & Alley for defendants.*

PER CURIAM. The evidence tends to show that plaintiff is the owner of five-sixths undivided interest in the land described in the complaint; that the defendants, J. R. Stephens and W. M. Ingram, entered upon said land during the months of June, July and August, 1928, and cut

and removed from said land timber trees, worth at least several hundred dollars; and that said defendants entered upon said land and cut and removed said timber trees under a contract with the defendant, Erma Rogers.

The evidence tended further to show that the defendant, Erma Rogers, was in possession of the land as the tenant-at-will of plaintiff and those under whom he claims, and that her codefendants knew when they entered into the contract with her and paid her for said timber trees, that she did not claim the land adversely to plaintiff. There was no evidence tending to show that plaintiff or those under whom he claims authorized Mrs. Erma Rogers to sell the timber on said land, as contended by her codefendants.

There was error in allowing the motion of defendants, J. R. Stephens and W. M. Ingram, for judgment as of nonsuit. *White v. Fox,* 125 N. C., 544, 34 S. E., 645, is not an authority in support of said motion. No facts are shown by the evidence upon which plaintiff is estopped as the true owner of the land from maintaining this action to recover damages resulting from the trespass of the defendants, in wrongfully entering upon said land and without authority cutting and removing timber trees therefrom.

The defendant, Mrs. Erma Rogers, filed no answer to the complaint; plaintiff is not demanding judgment against her.

The judgment dismissing the action against the defendants, J. R. Stephens and W. M. Ingram, is

Reversed.