G. A. STANCILL v. R. S. JAMES and EASON JAMES, Jr.

(Decided March 13, 1900.)

*Trespass—Former Judgment—Estoppel by Plea, by Evidence.*

1. When an estoppel is relied on as a defense to the action, it must be pleaded specially.

2. When the general issue (answer now) alone is plead in ejectment or trespass, or when the plaintiff has had no opportunity to plead estoppel or has not been required to do so, he may introduce the record in the first suit *as evidence,* without special plea.

3. In trespass or ejectment, the plaintiff is not required to set out his title; it is sufficient to allege ownership, and a plea of estoppel in the complaint, in anticipation of the answer, would seem out of place. The defendant, so far as then appears may admit ownership in plaintiff, and deny the trespass. No reason appears why the record and judgment may not come in, *as evidence,* like any other proof.

4. The judgment in the former case, when introduced either under *a plea or as evidence,* is conclusive on both Court and jury, the record being regular.

CIVIL ACTION for trespass on land, tried before *Hoke, J.,* at December Term, 1899, of PITT Superior Court. Action commenced September 4, 1897.

The plaintiff alleged ownership and possession of a tract of 400 acres fully described by courses and distances in the complaint, and that defendant had trespassed upon it by cutting and carrying off from it large numbers of valuable timber trees during August, 1896, and before and since.

The defendants claimed ownership and possession of a tract fully described by courses and distances, and disclaimed title, possession or trespass upon any lands claimed by plaintiff out-

side of those boundaries. They admit that during the year 1896, and before and since, they cut and carried away timber from the land described in the answer, but deny that they trespassed upon the lands of plaintiff at any time, except a small portion thereof, for which plaintiff has had judgment and compensation.

The plaintiff opened his case by offering in evidence the judgment roll in a case determined at December Term, 1896, in which G. A. Stancill was plaintiff and R. S. James, Eason James and E. S. Lewis were defendants, and stated that his purpose in offering this judgment roll was to estop the defendants from setting up title to the lands described in their answer.

The defendants objected to the introduction of this judgment roll as an estoppel:

(1) Because plaintiff had failed to plead it.

(2) Because it was not between the same parties.

(3) Because there is nothing in the record to show that the land to which it related was the same as that for which this action is brought, and that the description set out in the complaint in the former action is too vague and indefinite to admit of parol proof to fit it to the lands described in the complaint in the action now pending.

The Court overruled the objections and admitted the record. Defendants excepted.

The record showed that the former action commenced June 1, 1892, for trespass to the Jesse Stancill lands, the possession and ownership of which, containing 300 acres or more of valuable timber and woodland, were claimed by plaintiff, the trespass charged being cutting and hauling off growing timber. The action terminated at December Term, 1896, in a verdict and judgment for plaintiff for $15. There was

evidence on part of plaintiff that the land described in the complaint was the same land litigated in former action, and covered the land claimed by defendant in present action, some 33 acres, and that the trespass complained of was committed before and after termination of former suit, by cutting and hauling off timber from the Jesse Stancill land claimed by plaintiff under sheriff's deed with fifteen or twenty years possession under it, and which timber was not accounted for in the former action, and there was evidence as to the quantity and value.

His Honor submitted the following issues to the jury:

1. Is plaintiff owner and in possession of the land claimed by him and set out and described in the complaint?

2. Have defendants wrongfully entered and trespassed upon said land or any part thereof?

3. What damage has plaintiff sustained by such wrong and injury?

On the first issue, the Court charged the jury, that the judgment introduced by the plaintiff, being regular, was conclusive as to the defendants, and that plaintiff was not required to plead it in order to avail himself of its conclusive character. That it was just as conclusive as if it had been plead, and that in the absence of any evidence of a subsequently acquired title the jury must find that plaintiff is the owner of the land in controversy; and on the question of possession, in the absence of any evidence of adverse possession in another, the law draws the possession of the plaintiff to the outer boundaries of his title, and on both questions, if jury believe evidence, the jury must answer the first issue, "Yes."

Defendants excepted.

On the second issue, the Court charged the jury, that the jury can not consider any trespass committed before the first

action was brought, but they must consider any which has occurred since the first action was brought, and which was not accounted for in the former trial. So, if the jury shall find that the defendants have entered and trespassed upon the lands claimed by plaintiff since the first suit was commenced,. and same was not considered and allowed for on a former trial, the jury must answer the second issue, "Yes."

Defendants excepted.

The jury answered the first and second issues, "Yes;" and. the third issue, "$150."

Judgment in favor of plaintiff for $150 and costs. De-fendants appealed.

*Messrs. Jarvis & Blow,* for appellants.
*Messrs. Aycock, Fleming & Moore,* and *Gilliam & Gil-liam,* for appellee.

FAIRCLOTH, C. J. In this action of trespass the plaintiff alleges that defendant has cut his timber trees to his dam-age, etc. Defendant admits cutting and hauling off the said trees, but denies that plaintiff is the owner of the land on which the trees were growing.

Plaintiff in his complaint describes a large tract contain-ing 400 acres. The defendant describes by metes and bounds a tract of 33 acres, on which the trees were cut, and claims to be the owner thereof, and produces his title deeds, etc. The whole controversy is the ownership of these 33 acres, which we understand are embraced by the description of the. larger tract.

In the course of the trial the plaintiff offered in evidence the record of an action by him against the defendant and two others for damages in cutting his trees prior to 1892, in which a judgment was entered in favor of the plaintiff. The

13——126

STANCILL v. JAMES.

regularity of the proceedings set out in this record is not denied. The introduction of this record *as evidence* was objected to by defendant. Plaintiff did not offer this record as a link in his title, but only as an estoppel on the defendant to deny or dispute plaintiff's title. Defendant excepted to the admission of the record and judgment, on the ground that plaintiff had filed no plea of estoppel. Defendant, as a witness in his own behalf, said "he gave the same testimony as to ownership and possession in former trial, that he did here. That this is same land and same title that was presented by defendant and passed upon in former trial. That he had cut no timber since last suit was tried, but had cut timber on the land since last suit was commenced."

We then have this question: In an action of trespass and an answer of general denial, with no special plea, can the plaintiff, for the purpose of an estoppel, introduce *as evidence* the record and judgment in a former trial, between the same parties and involving the same subject-matter, and similar pleadings, without pleading the estoppel? This question has not been heretofore passed on by this Court, and we remember that technical pleadings, formerly, were closely observed by courts. Bigelow on Estoppel (5th Ed.), pp. 697, 698, 699, devotes a chapter of three pages to this precise question, and refers to the old and modern practice and the decisions of each period. The earliest case referred to is Goddard's case, 2 Coke, 4. This, and the succeeding cases, hold that an estoppel must be pleaded, and that the judgment as evidence was conclusive in England and in America. At the time of Coke and those decisions, the jurors were themselves witnesses, and were sworn as such to speak the truth, and must observe their oath. In this fact the doctrine of Goddard's case is supposed to have had its origin as well as in technical pleading.

Since the decision in *Duchess of Kingston's Case,* 2 Smith's L. C., and the transition in the jury system, the tendency of decisions in America has been strongly the other way. Bigelow shows, however, by citing cases that in our sister States the courts are much divided. All the cases agree that the judgment in the former case, when introduced either under a plea or as evidence, is conclusive on both Court and jury, the record being regular. The modern doctrine, to which Mr. Bigelow gives the weight of his opinion, is that when an estoppel is relied on as a defense to the action, it must be pleaded specially, and this Court frequently has so decided. *Harrison v. Hoff,* 102 N. C., 126. Further, that when the general issue (answer now) alone is plead in ejectment or trespass, etc., or when the plaintiff has had no opportunity to plead estoppel, or has not been required to do so, he may introduce the record in the first suit *as evidence* without special plea. This seems to be the rule of all our State courts, which have adopted the modern doctrine as appears from numerous cases cited in the carefully prepared brief of plaintiff's counsel, and in the notes to Bigelow's text. This view commends itself to our minds. In trespass or ejectment we do not require the plaintiff to set out his title. It is sufficient to allege ownership. A plea of estoppel in the complaint, in anticipation of the answer, would seem out of place. The defendant, so far as then appears, may admit ownership in the plaintiff and deny the trespass. We can see no reason why the record and judgment may not come in as *evidence* like any other proof. It is no surprise, as the existence of the judgment is equally well known to each party. It is common to allow plaintiff by record or by deed to show that defendant claims under the same grantor as the plaintiff, and thereby save trouble

and expedite the trial without prejudice to either party. The proof in either case is conclusive, and prevents vexatious litigation.

The other exceptions present no other important questions and need not be considered.

We, therefore, find no error in the record.

Affirmed.