ALICE C. SEBERG, Appellant, v. IOWA TRUST AND SAVINGS BANK and FRANK W. VORSE.

**Boundaries:** ESTABLISHMENT BY AGREEMENT: ESTOPPEL: NOTICE TO THIRD PARTIES. Where a conveyance of part of grantor's realty by metes and bounds refers to no natural or artificial objects by which the description may be applied, it is competent for the parties to agree upon a division line, and when such agreement has been executed,

followed by possession and improvements by the grantee in reliance thereon, it becomes conclusive on the parties; and where such line is marked by plain artificial monuments, up to which the vendee is in possession, the grantees of the adjoining land are bound to take notice of his rights.

**Same:** LOCATION OF STREET LINE. Where a lot owner erected a building on the street line where it has stood for a long series of years, and during all of the time the street had been used and improved with respect to it, a location of the line was thus effected with such definiteness that it will prevail against a survey made by one who could not determine with accuracy the original lot lines.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

TUESDAY, JANUARY 26, 1909.

ACTION to enjoin defendants from constructing certain improvements and to quiet plaintiff's title. Defendants answered, and in a cross-petition prayed that the division line between the premises of plaintiff and defendants be established. On hearing the division line was decreed as prayed by defendants, but plaintiff was held entitled to an irrevocable license to occupy part of defendants' premises, with an existing stairway during the life of the building. Both parties appeal, that of plaintiff being first perfected.—*Reversed.*

*C. J. Eller* and *Read & Read,* for appellant.

*Baily & Stipp* and *Stewart & Anderson,* for appellees.

LADD, J.—For more than thirty years prior to August 8, 1902, C. J. Coddington was owner of the west forty feet of the south ninety feet of lot 6 in block 17 of East Ft. Des Moines. About that long ago he erected a two-story brick building on the west twenty feet, as he supposed, extending back sixty-three feet with but a brick

veneer on the east wall. Shortly afterwards he extended the building twenty feet to the east, but removed the veneer, and sealed the 2x4 studding as a partition on the west side, and lathed and plastered it on the east side. A basement was constructed at the same time, and a brick pier, seventeen inches wide in the center of the front, to support the timbers for both parts of the entire building. The partition in the basement consisted of posts, on which boards were nailed, supporting a sill under the joist, and through the partition in the upper story were a couple of doorways. The east portion of the first floor had been occupied more than twenty years as a millinery store, while that to the west also appears to have been made use of for business purposes. On the day mentioned the owner contracted to sell to plaintiff "the store building and lot twenty by ninety feet, and known as 502 East Grand Avenue being a part of lot six, block seventeen East Fort Des Moines," for a consideration named. She took possession immediately under the contract, and some time later closed the doorways in the upper partition, and constructed a stairway from the front to the second story next to the partition on the first floor. On September 3, 1903, she received from Coddington a warranty deed purporting to convey to her property in Polk County, described as follows: "Lot known as number 502 East Grand Avenue, and described as follows: Beginning twenty (20) feet east of the southwest corner of lot six (6), block seventeen (17) East Fort Des Moines, and running thence east twenty (20) feet, thence north ninety (90) feet, thence west twenty (20), hence south ninety (90) feet to the place of beginning." In selling the property to plaintiff Coddington, as the evidence tended to show, pointed out the partition mentioned as the west boundary, and represented and intended to convey to her, as she supposed she was purchasing the east half of the building, and the land on which it stood, with that extending back. Some time in

1905 the owner also conveyed to the Iowa Trust & Savings Bank the west half of said forty feet, with other property, particularly describing it, to satisfy the existing indebtedness of the grantor, he intending thereby to dispose of that portion of the forty feet not conveyed to the plaintiff. In July, 1907, the bank contracted to sell the premises to Vorse, who proposed to improve them by inserting a new front, in which enterprise plaintiff contemplated joining, until a dispute arose concerning the boundary line between their respective tracts. A civil engineer discovered that the center of the partition was seventeen and one-half inches at the north end of the building and fourteen and one-half inches at the south end, west of the middle of the west forty feet of the south ninety feet of the lot; and, when defendant Vorse undertook to erect a pier eighteen inches wide with the center at the division line as ascertained by the survey, this action was begun to enjoin him therefrom. Considerable evidence of conversations with plaintiff was introduced; but, as nothing appears to have been said impairing her rights under the facts as recited, no attention need be given thereto.

From this statement it is manifest that the common grantor had regarded the brick pier in front, and the partition, as marking the center of the tract of ground, and the brick veneer walls the outsides, for about thirty years. He pointed out to plaintiff the partition as being on the line, and, while himself retaining the west twenty feet, put her in possession of all east of these monuments as having been purchased through the contract and deed. As argued, the deed was neither ambiguous nor defective, but it referred to neither natural nor artificial monuments by means of which the description therein might be applied to the premises, and in these circumstances it was competent for plaintiff, as purchaser of the east half of the premises, and Coddington, who retained the west half,

1. BOUNDARIES: establishment by agreement: estoppel: notice to third parties.

to agree upon these monuments as marking the division line between their respective tracts of land. This was followed by occupancy in accordance therewith, and the erection of a stairway and vestibule by plaintiff next to the partition, in reliance on this forming the boundary. Having themselves agreed upon the line on the ground between their respective tracts, and having executed the agreement by completing the sale, taking possession, and making improvements in reliance thereon, there was no occasion for a survey to ascertain the middle of the forty-foot strip, for each was concluded by their agreement. *Rowell v. Weinemann,* 119 Iowa, 256; *Spiller v. Scribner,* 36 Vt. 245; *Sawyer v. Fellows,* 6 N. H. 107 (25 Am. Dec. 452); *Lindsay v. Spunger,* 4 Har. (Del.) 547; *Smith v. Dudley,* 1 Litt. (Ky.) 66 (13 Am. Dec. 222); *Houston v. Sneed,* 15 Tex. 307; *Grim v. Murphy,* 110 Ill. 271. This is on the principle, not that title passes by parol contract, but that the extent of the ownership of the land of each has been agreed upon, settled and determined, and that, when acted upon, the parties are estopped from questioning the executed agreement. As the line so fixed upon was marked by plain artificial monuments, up to which plaintiff was in possession, those claiming under Coddington took with notice. *Roos v. Connell,* 7 Kulp (Pa.) 113; *Kerr v. Wright,* 37 Pa. 196; *Houston v. Sneed,* 15 Tex. 307.

The principle is of universal approval that where the vendor points out the boundary of a parcel of land to the vendee, and the latter purchases and erects valuable improvements in accordance with such boundary and in reliance thereon, in a manner such that a change of boundary would result in great injury to the vendee, the vendor and those claiming under him are estopped from insisting that the division line is elsewhere. *Ross v. Ferree,* 95 Iowa, 604; *Dolde v. Vodicka,* 49 Mo. 98; *Ross v. Connell,* 7 Kulp (Pa.) 113; *Titus v. Morse,* 40 Me. 348 (63

Am. Dec. 665); *Willis v. Schwartz,* 28 Pa. 413; *Guest v. Guest,* 74 Tex. 664 (12 S. W. 831); *Bolton v. Eggleston,* 61 Iowa, 163. Whether the case falls within the rule need not be decided. It was pointed out in the last decision cited that there is no occasion in such a case to ask for the reformation of the deed, as that is a matter between grantor and grantee, and of no concern to one not a party to the contract.

Regardless of whether the partition and brick pier were designated in making the sale as marking the boundary, however, the evidence was sufficient to show that these did in fact indicate the line separating the two twenty-foot strips. If the brick veneer wall forming the west side of the building extends to, but does not encroach upon, Fifth street, running north and south, defendants took under the deed from Coddington, and obtained possession of precisely what it purported to convey, namely, a strip twenty feet wide up to the partition. The builder intended to erect the wall on the line. It had stood unchanged where he placed it for more than thirty years, and the street had been used and improved with reference to its outer edge as constituting a street line. In these circumstances it may well be said that this constituted a practical location of the west line of the lot with such definiteness that it should prevail, at least until assailed by better evidence of its location than was adduced on the hearing. See *Klinkner v. Smidt,* 114 Iowa, 695. That before us is not of this convincing character. According to the testimony of the civil engineer on which appellees rely, the following data were relied upon from which to make the survey: "The cross on the northeast corner of the curb at Locust and Fifth streets (a block south), the bank building at the northeast corner of Grand Avenue and Fifth Street and then we agree that the curb at Des Moines Street and Fifth Street and also an old lot stake." He had nothing to do with the location of the cross, and no proof con-

*2. SAME: location of street line.*

cerning it was adduced.   He had located the corner of the bank building years ago, "from center stakes as they stood in the street at that time," as he learned from the record, but there was no evidence as to what these stakes were, or the reference made to them in the record.   He knew nothing of the curb on Des Moines Street, and said the curbs had become unreliable as indicating localities, and knew nothing of the Sixteenth Street line.   Indeed the witness admitted that it was impossible to determine whether the lines as established by him run with the lines of the original plat.   But this was the very object of the survey, and to render it of any evidentiary value as pointing out the original lines, it must have been based on reliable data.   *Bevering v. Smith,* 121 Iowa, 607. Such a survey is of little value in ascertaining the true location of lines as established by the filing of a plat, and should have been held insufficient to show the west line of the lot elsewhere than as indicated by the building.

The conclusion reached renders the discussion of other questions argued unnecessary.—*Reversed.*