BENJAMIN HARRIS v. DAN LEWIS, Appellant.

**Boundaries:** LOCATION BY AGREEMENT: EVIDENCE. The statements of a lot owner that he was satisfied with the boundary as indicated by the line of the sidewalk, made at a time when neither party supposed he was agreeing to the location of a disputed boundary, were mere expressions of opinion and insufficient to establish an agreed line.

**Same:** ACQUIESCENCE: ESTOPPEL. Where a boundary line as marked

2 by a sidewalk and by a terrace was not established by acquiescence, the making of improvements at slight cost with respect thereto, which were in no manner induced by anything said or done by defendant, and which could be removed without injury to the land, would not estop the defendant from claiming to the true line.

Same: LOCATION OF STREET LINES: EVIDENCE. It will not be assumed
3 that trees planted along the streets in cities and towns are on the line of the street, in the absence of proof of that fact, as common observation is otherwise.

Same. Long continued occupancy of city lots with improvements
4 according to the street lines and corners, as marked at the time the plat was filed, is better evidence of their correct location than the measurements of a surveyor based on assumed corners.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, JUDGE.

MONDAY, JUNE 10, 1912.

SUIT to enjoin defendants from erecting a fence along the south line of and otherwise improving a strip of ground eight or ten feet wide. On hearing, decree was entered as prayed.

The defendant appeals.—*Affirmed.*

*Yoss & Wallace* for appellant.

*R. W. Pugh* and *Popham & Havner* for appellee.

LADD, J.—The plaintiff owns the south ninety feet of the north ninety-five feet of lot 2 in block 11 of William's addition to Williamsburg, and the defendant owned the north five feet of said lot 2 and the south thirty-seven feet of lot 1 in the same block lying immediately north of lot 2. Osborn, owning the land north of defendant's, constructed a cement sidewalk, and plaintiff did likewise immediately after acquiring the tract, and then defendant

put in a like sidewalk forty-two feet long between the walks of Osborn and plaintiff. Kelly, who conveyed the respective tracts to the parties hereto, had owned them since 1885, and the boundary to the north, between that of defendant and Osborn though not very well defined by existing monuments, appears to have been acquiesced to by the adjoining owners for a period longer than that of the statute of limitations. The plaintiff also constructed cement curbing at the rear of his lot and set out cement posts on which wire was stretched, extending to near the line as claimed by him but leaving space for a gate partly on defendant's land. The front yard was also improved.

The plaintiff's agent, Hull, testified that defendant expressed himself several times as being content with the line as indicated by the sidewalk, being about a foot north

**I. BOUNDARIES: location by agreement: evidence.**

from the bottom of the terrace on plaintiff's premises. This was denied by defendant. The issue is not material, for, if the latter did say all attributed to him, he but expressed opinions and neither party supposed they were agreeing upon the location of a disputed line. *Jordan v. Ferree*, 101 Iowa, 440.

Until the survey by Blaiser in 1910, defendant undoubtedly thought the division line was where plaintiff now claims it to be. According to that survey, the true boundary would be eight or ten feet south of where the parties had supposed, and defendant proceeded to remove some trees and erect a fence on a boundary in harmony with the survey.

From this recital of facts, it is apparent that the line between the parties as marked by the sidewalk and less definitely by the terrace was not established by acqui-

**2. SAME: acquiescence: estoppel.**

escence, and that as the improvements made by plaintiff were not induced by anything said or done by defendant, and as these were of small expense and might be readily

removed without injury to the land, defendant is not estopped from claiming up to the true boundary even though considerably south of where this was supposed to be. Before proceeding it should be said that defendant now is in possession of the area purchased by him—that is, a strip forty-two feet wide—and, as division line on the north probably has ben established by acquiescence, all added by extending his premises to the south will be in excess of such area. On the other hand, there was no showing of the establishment of a division line south of plaintiff's ninety-foot strip and, for all that appears, the new survey merely pushes his line farther south than it was supposed to be. This much is said to dispose of the so-called equitable considerations which counsel have pressed on our consideration. The plaintiff is entitled to continue in possession of the strip of ground in controversy and have this protected against trespass by defendant unless it appears from the evidence that the true boundary is as shown by the survey. No evidence of the original monuments marking lines and corners of the plat of William's addition was adduced. This plat was filed in 1856 and is said by the surveyor to be "the southeast quarter of the southeast quarter of section 9 in township 79 north, range 10 west, Iowa county, Iowa." Neither the size of the lots and blocks nor the width of the streets is indicated thereon. No measurements are given, and nothing therein directs attention to any previous plat from which these might be inferred. The surveyor assumed an iron rod driven into the ground to mark the southeast corner of the section. It had been so reputed for at least twenty years, and all surveys in that vicinity had commenced there. A stone at the southwest corner of the southeast quarter of the southeast quarter of the section was equally well established and from the line between these measurements were made and the line as contended for by defendant located. The surveyor testified that "the size of the lots and blocks in William's addition

have been ascertained in connection with the corner at the
southeast corner of the section and the corner to the west
and the corner north.    The William's addition covers a
rectangle of 1,320 feet each way, and the description of the
property, according to the congressional survey, is the
southeast quarter of the southeast quarter of section 9 and
William's addition to Williamsburg includes the entire
southeast quarter of the southeast quarter of said section.
The streets and alleys are recognized the same as shown in
this plat.    The streets in William's addition as they are
actually laid out and platted by the public are all sixty
feet wide with the exception of State street, and it is
eighty feet wide.    The blocks in William's addition are
320 feet square, and these blocks are divided into four
square lots of 160 feet each."

What is here meant, as appears from other testimony,
is that, in the practical location of the streets and blocks,
this has been assumed and, as appears from the record, has
resulted from computation and comparisons with other
plats.    There is a row of maple trees at or near the south
line of lot 2 in block 11, but, if these are on the line as the
surveyor thought, the north line of lot 1 at its northeast
corner in that block is five and one-quarter feet too far
north, and the southeast corner of lot 2 about three feet
too far north also.

But it can not be assumed in the absence of evidence
that trees are planted on street lines in towns and cities
when common observation indicates the contrary.    The
surveyor admitted it to be impossible to as-
certain the lot lines from the plats, and these
were not indicated by visible monuments
save in improvements subsequently placed on the several
lots.    The sidewalk along the north side of block 11 and on
to the east is not straight, and bends are found in other
walks.    It is manifest from this recital of conditions that
the survey as made was inadequate as evidence of the

3. SAME: location
of street
lines: evi-
dence.

location of the true boundary lines of the lots in block 11 or of that between the premises of the parties hereto.

The long occupancy of the lots and improvement thereof in accordance with lines and corners which may have been marked at the time the plat was filed is better evidence that these are correct than the deductions and measurements of a surveyor regardless of his competency and experience.    See *Bevering v. Smith,* 121 Iowa, 607; *Seberg v. Bank,* 141 Iowa, 99.

4. Same.

The court rightly held the evidence insufficient to establish the location of the true line as contended by defendant, and its decree, permanently enjoining him from encroaching on premises occupied by plaintiff, is—*Affirmed.*

Evans, J., took no part.