WILLIAM S. FITCH, APPELLANT, V. PATRICK WALSH,
APPELLEE.

FILED JUNE 16, 1913.   No. 17,186.

1. **Pleading: GENERAL DENIAL: EJECTMENT: ESTOPPEL.** Under a general denial in ejectment, defendant is permitted, by section 627 of the code, to prove an estoppel for the purpose of defeating plaintiff's cause of action.

2. **Boundaries: ESTOPPEL.** A lessee of school land, who points out to a purchaser a boundary line along one side of the demised premises and transfers the lease to him, may be estopped to dispute the line thus designated, where the purchaser, relying upon it in good faith, built a fence thereon, maintained it for 17 years, cleared and occupied the land on his side of the fence, and afterward purchased the fee

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Affirmed.*

*B. F. Butler* and *C. E. Eldred,* for appellant.

*W. S. Morlan* and *J. L. Rice, contra.*

ROSE, J.

The action is ejectment. The parties are owners of adjoining farms in Red Willow county. A part of the boundary line between their possessions is in dispute. Plaintiff claims a short, narrow strip of land occupied by defendant, alleges he has a legal estate therein, and that he is entitled to possession thereof. The answer is a general denial. From a judgment in favor of defendant, plaintiff has appealed.

1. In the admission of evidence and in the instructions to the jury, the trial court recognized the right of defendant, under his general denial, to prove facts showing that plaintiff was estopped to question the line which marked the controverted boundary of the disputed strip occupied by defendant. In these respects the rulings are challenged as erroneous, because estoppel was not specially pleaded.

Fitch v. Walsh.

Was it proper to prove an estoppel under a general denial? There is specific legislation on the subject of pleading in ejectment. The code declares: "In an action for the recovery of real property, it shall be sufficient, if the plaintiff state in his petition that he has a legal estate therein, and is entitled to the possession thereof." Code, sec. 626. "It· shall be sufficient in such action, if the defendant in his. answer deny, generally, the title alleged in the petition." Code, sec. 627.

A text-writer on Ejectment says: "Where special pleading is not allowed, the defendant, in support of his possession, may give in evidence any matter which would have operated as a bar if pleaded by him by way of estoppel to a real action brought for the recovery of the same premises." Tyler, Ejectment and Adverse Enjoyment, p. 465.

In *Franklin v. Kelley,* 2 Neb. 79, 118, this court said: "It is undoubtedly true that the theory of the system of pleading under the code generally is that the facts necessary to constitute a cause of action or defense shall be stated. But, in respect of actions for the recovery of real property, another rule has been adopted. Why this is so is not very clear. It may be because, as two trials, of course, are given in that class of actions, the parties are supposed to learn, from what is shown on the first, what will be in issue on the final trial. But, whatever the reason, it is apparent that in this class of actions, as also in cases of replevin, the facts need not be stated. That being the rule of pleading contained in the code, we have only to enforce it here." This language was approved in *Staley v. Housel,* 35 Neb. 160, wherein it is held that defendant, under a general denial, may prove any fact which will defeat the plaintiff's cause of action, and that the rule established by the code is not changed by language of a different import in *Uppfalt v. Nelson,* 18 Neb. 533, a case ·herein cited by plaintiff. Under the general denial pleaded by defendant, therefore, proof showing that plaintiff's assertion of title was defeated by estoppel was properly admitted in evidence and considered by the jury.

6

2. Was the defense of estoppel proved? The record contains evidence tending to show the following facts, most of which are undisputed: The land in controversy was formerly school land. Under a lease from the state plaintiff formerly had an interest in the tract owned and occupied by defendant. At the same time defendant had a similar interest in the land now owned and occupied by plaintiff. The interests thus acquired by lease from the state were exchanged by plaintiff and defendant in 1893, each taking possession of the tract which had been leased by the other. When they were negotiating for the exchange, they went upon the premises for the purpose of determining the boundary line between the leased tracts. Plaintiff pointed it out, and soon thereafter defendant built a fence on it. During the following spring defendant employed men, and with them cut the timber and grubbed the brush on his side clear up to the fence. Relying on the line thus established, he bought from the state the land held by him under the exchanged lease, paid for the same, and procured a deed therefor. He kept up the fence in the same place, and has used the land on his side of it without interruption ever since, a period of 17 years. In the meantime plaintiff occupied the land on the other side of the fence under a lease or deed. Until the beginning of this suit plaintiff did not dispute the boundary pointed out by him and relied upon by defendant. These facts, if established, constitute an estoppel binding on plaintiff. *Clark v. Thornburg*, 66 Neb. 717; *Merriwether v. Larmon*, 3 Sneed (Tenn.) 447; *Spears v. Walker*, 1 Head (Tenn.) 166; *Ward v. Middleton*, 124 S. W. (Ky.) 823; *Allyn v. Schultz*, 5 Ariz. 152; *Seberg v. Iowa Trust & Savings Bank*, 141 Ia. 99; *Rowell v. Weinemann*, 119 Ia. 256; *Parrish v. Williams*, 79 S. W. (Tex.) 1097; *Clark v. Hindman*, 46 Or. 67; *Thompson v. Borg*, 90 Minn. 209. Plaintiff admitted that the exchange of leases was made in the fall of 1893, that defendant built his fence the next spring and kept it in the same place thereafter, and that defendant has claimed and occupied the land on his side of the fence ever since. The issue of estoppel and

the evidence thereon were properly considered by the jury with other questions of fact, including adverse possession. There was a general verdict in favor of defendant. Upon a consideration of the whole case, it seems clear that no other conclusion could have been reached, in view of the rules of law stated and the evidence applicable to the question of estoppel.

The judgment will therefore be affirmed without a discussion of other assignments of error.

AFFIRMED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.