JOHN T. MOODY ET AL. v. M. H. WIKE.

(Filed 3 June, 1921.)

1. **Appeal and Error—Instructions—Verdict—Directing—Evidence—Adverse Possession—Title.**

   Where the title to the lands is in dispute in an action wherein claim and delivery for logs cut therefrom has been brought, and the defendant claims under an older paper title, and the plaintiff that he has been in adverse possession under a parol exchange of lands by the original owners for upward of thirty-three years under metes and boundaries recognized by the defendant, and under a claim of right, and there is evidence to support this claim: *Held,* reversible error for the trial judge to direct a verdict in defendant's favor.

2. **Same—Estoppel.**

   Where there is evidence tending to show that plaintiff had acquired title to lands by adverse possession that had been swapped by parol agreement between the original owners, the plea of estoppel is not required for him to avail himself of evidence thereof.

MOODY *v.* WIKE.

APPEAL by plaintiffs from *McElroy, J.,* at May Term, 1919, of JACKSON.

The action is claim and delivery for logs cut from a certain tract of land in said county, and it was admitted by the parties litigant that the title depended on whether the plaintiffs or defendant owned the land from which the logs had been cut. His Honor in effect instructed the jury that on the evidence, if believed, the title was independent in the defendant. Verdict and judgment for defendant, and plaintiffs excepted and appealed.

*Walter E. Moore, Felix E. Alley, Dillard & Hill for plaintiffs.*
*Sutton & Stillwell for defendant.*

PER CURIAM. Defendant having the older paper title to the land under a grant of the State, No. 99, to one James Mathis, of date 28 December, 1854, plaintiffs sought to establish ownership of the *locus in quo* under a deed from one Andrew J. Brown, of date 26 January, 1887, with continuous adverse possession under said deed, and the case on appeal states the position pertinent to plaintiffs' claim as follows:

"The plaintiff sued out claim and delivery proceedings in said action for certain logs alleged to be wrongfully detained by the defendant and for damages in the sum of $600. The plaintiff claimed that he was the owner of the land from which said timber was taken by the defendant under a deed from one Brown, who had acquired the same from the defendant by virtue of a parol exchange or swap of lands as shown in the evidence. The plaintiff contended and offered evidence to show that he had been in the adverse possession of said lands under his said deed for upwards of thirty-three years, and that the defendant had always recognized the plaintiff's title to said lands, and had often pointed out the boundaries of the same as being the lands of the plaintiffs."

The record shows that there is evidence on the part of plaintiff in full support of this statement, and this being true, there was error in the charge of the court and there must be a new trial of the cause.

Plaintiffs' position, also, that he may avail himself of evidence tending to establish an estoppel against defendant by reason of retaining the land received by him in the parol exchange with Brown, and without having plead same, seems to be in accord with the authorities on the subject. *Stancill v. James,* 126 N. C., 190; *Hodge v. Powell,* 96 N. C., 64; *Fitch v. Walsh,* 94 Neb., 32.

64; *Fitch v. Walsh,* 94 Neb., 32. There must be a

New trial.