THORPE v. PARKER.

A. P. THORPE AND W. S. WILKINSON v. HENRY C. PARKER,
JOHN LEGGETT AND JONAS JONES.

(Filed 17 September, 1930.)

**Estoppel B b—Judgment roll may be introduced in evidence as estoppel
without pleading such estoppel where it is not relied on as defense.**

A former judgment involving the same controverted title to lands be-
tween the parties under whom the plaintiffs and defendants claim title to
the *locus in quo* may be introduced in evidence by the plaintiff as an
estoppel without pleading an estoppel by judgment, although when relied
upon as a defense it must be pleaded.

CONNOR, J., not sitting.

CIVIL ACTION, before *Cowper, Special Judge,* at March Special Term,
1930, of NASH.

The plaintiffs, alleging that they were tenants in common of the land
in controversy, instituted an action of ejectment against the defendants.
The plaintiffs claim title under Cornelia Parker Bullock, and intro-
duced the judgment roll in a former case entitled Cornelia Parker Bul-
lock *v.* Jeffrey Parker, under whom the defendants claim title. The
defendants objected to this evidence. The trial judge gave peremptory
instructions to the jury, and from the verdict in favor of plaintiffs the
defendants appeal.

*Battle & Winslow and W. S. Wilkinson, Jr., for plaintiffs.*
*T. T. Thorne for defendants.*

PER CURIAM. The plaintiffs introduced the judgment roll in a former
case between the parties under whom both plaintiffs and defendants re-
spectively claim title. This evidence was relied upon as an estoppel.
The defendants objected to the introduction of the evidence upon the
ground that the estoppel by judgment was not pleaded, but the law has
been settled contrary to the contention of the defendants. *Stancill v.
James,* 126 N. C., 190, 35 S. E., 245; *Moody v. Wike,* 181 N. C., 509,
107 S. E., 457; *Bullard v. Insurance Co.,* 189 N. C., 34, 126 S. E., 179.
These decisions hold that the record and judgment, in a former action
between the same parties or their privies, involving title to the same
tract of land, may be offered in evidence, although not pleaded in the
complaint; but when an estoppel is relied upon as a defense, it must be
pleaded.

No error.

CONNOR, J., not sitting.