L. RAY v. WILLIAM GARDNER.

*Claim of right to land—Crop raised thereon—Recovery of value for conversion.*

The plaintiff being in possession, under a claim of right, of a tract of land also claimed by defendant, raised, gathered and stacked a crop of oats on the land ; defendant entered without license, carried off the oats, converted them to his own use, and subsequently recovered possession of the land ; thereupon plaintiff brought an action against defendant for the value of the oats : *Held*, that he is entitled to recover.

(*Brothers* v. *Hurdle*, 10 Ired., 490 ; *Walton* v. *Jordan*, 65 N. C. 171, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of BUNCOMBE Superior Court, before *Graves J.*

The plaintiff by his own labor in cultivating a tract of land of which he was in possession, raised a crop of oats which at maturity he gathered in bundles and stacked. The defendant's intestate entered without license, took and carried away the oats and converted them to his own use. The plaintiff had been forbidden to sow the oats by one McIntire, who occupied an adjoining tract, as the tenant of the plaintiff (intended probably for the defendant). It was admitted on the trial that the defendant claimed the

land and had subsequently recovered possession by virtue of a superior title.

The defendant's counsel asked the court to instruct the jury that the plaintiff having raised the oats on the defendant's land without his consent was a trespasser, not entitled to the property, and could not recover.   The court declined to give the instruction asked, and charged the jury that if the plaintiff went into the possession of the land under a claim of right and remained on the premises until he had made, gathered, and stacked the oats, and then the intestate went on the land without authority and carried them off, he was liable to the plaintiff for their value.   The jury found a verdict for the plaintiff and from the judgment thereon the defendant appealed.

*Messrs. W. H. Malone* and *J. M. Gudger,* for plaintiff.
*Mr. James H. Merrimon,* for defendant.

SMITH, C. J.   The ruling and the instruction given were in our opinion entirely correct and fully justified by the decision of the court in *Brothers* v. *Hurdle,* 10 Ired., 490, the facts of which were very similar.   In that case the defendant had in an action of ejectment recovered the land upon which the crop had been raised and partly gathered, and was put in possession by the sheriff.   He then appropriated to his own use the gathered and ungathered crop, for the former of which the suit was brought.   It was held that he was entitled to recover.   In the elaborate opinion of the late Chief Justice, he thus states the law applicable to such cases : " Where one who is in the adverse possession gathers a crop in the course of husbandry, or severs a tree or other thing from the land, the thing severed becomes a chattel, but it does not *become the property of the owner of the land;* for his title is divested; he is out of possession, and has no right to the immediate possession of the thing; nor can he bring

·any action until he require possession." Nor can the owner after being put in possession sue and recover the article or ·thing severed, because as the Chief Justice adds, " it is not his chattel; it did not become so at the time; it was severed and the title to it as a chattel cannot pass to him *afterwards* when he regains possession, by force of the *jus post liminii."* See also the case of *Walton* v. *Jordan,* 65 N. C., 171. It is needless to pursue the subject further. There is no error and the judgment is affirmed.

No error. Affirmed.