VAN BUREN BRYAN and others v. ALBERT MALLOY and others.

*Witness, deposition of—Estoppel—Former Action—Parol Proof.*

1. The deposition of a witness taken in a former action is not admissible in a subsequent one, unless the parties and matters in issue in the latter are the same as in the former.

2. To render the evidence competent in such case upon the ground of privity between the parties, it must appear that the party offering it has acquired an interest in the subject-matter from a party to the former action subsequent to its institution. Privity, in the sense here used, is a privity to the former action.

3. And it must also be shown there was an action pending and properly constituted, in which the deposition was taken, involving the point in question in the action in which it is offered.

4. Where a record is set up as an estoppel to a subsequent action, the party must aver and prove the identity of the precise point on which the first action was decided; and parol proof is admissible in aid of the record of the first trial, if it fails to disclose such point. Here, there was no record and, therefore, no foundation for the offered proof.

(*McMorine* v. *Story*, 4 Dev. & Bat., 189; *Harper* v. *Burrow*, 6 Ired., 30; *Long* v. *Baugas*, 2 Ired., 290; *Yates* v. *Yates*, 81 N. C., 387, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of RICHMOND Superior Court, before *McKoy, J.*

This action was brought to set aside a deed for land, executed by Margaret Sinclair, Isabella Sinclair and Daniel Sinclair to

the defendant D. M. Kennedy, on the ground of fraud and imposition; and also to set aside a deed from D. M. Kennedy to the defendant William Gilchrist, for the same land, on the ground that Gilchrist purchased with notice of the fraud; and also for the possession of the land.

The deed to Kennedy was made January 22, 1866, and that to Gilchrist, May 5, 1879. Defendant Gilchrist also claims the land under a deed from Margaret Sinclair, Isabella Sinclair and Daniel Sinclair, being their deed to John Johnson, dated October 8, 1870, and a further deed from Henry Fairly, administrator of John Johnson, to said Gilchrist, dated October 24, 1877, made under a decree to sell the land for the payment of the debts of the intestate.

The plaintiffs claim as heirs of Evan Bryan, to whom the three Sinclairs conveyed the same land by deed bearing date 26th of June, 1866.

On the trial the plaintiffs offered in evidence all the foregoing deeds, and also the deposition of Margaret Sinclair taken in a former action, in which D. M. Kennedy was plaintiff and Margaret Sinclair, John Johnson and Archibald McLaurin were defendants. Both parties were present when the deposition was taken, and it was filed in the cause, but never read or offered in evidence.

They also offered in evidence the record of another action, in which the new defendant William Gilchrist and Mary L. Johnson were plaintiffs, and D. M. Kennedy, Berry Bryan and Kenneth McKenzie were defendants. In this action no pleadings were ever filed, and the plaintiffs introduced Gilchrist, one of the plaintiffs therein, as a witness, and proposed to show by his testimony that the action was brought to set aside the deed from the three Sinclairs to D. M. Kennedy, upon the same ground of fraud and imposition which are alleged in the present action. His Honor ruled out both the deposition and the testimony of Gilchrist. Upon this ruling the plaintiffs submitted to a judgment of nonsuit and appealed.

BRYAN *v.* MALLOY.

*Messrs. Burwell, Walker & Tillett, Frank McNeill* and *Strong & Smedes,* for plaintiffs.

*Messrs. Geo. Davis* and *J. D. Shaw,* for defendants.

ASHE, J.   It is held to be a general rule of law that where a witness has given his testimony under oath in a judicial proceeding, in which the adverse litigant had the power to cross-examine, the testimony so given will, if the witness be dead, be admitted in any subsequent suit between the same parties or those claiming under them, provided it relates to the same subject, or involves the same material questions.   Taylor on Evi., §434.   In *Harper* v. *Burrow,* 6 Ired., 30, it was held by the court that the testimony of a witness examined in a former suit is not admissible in a subsequent suit, when the plaintiff in the latter was not a party to the former suit, because it is *res inter alios acta.*   Chief-Justice NASH, who delivered the opinion in the case, said: "The testimony of a witness given in a case, after his death, can be proved in chief, only between the same parties when the same matter is in litigation; for the reason, that it would otherwise be made to affect others, who had no opportunity of cross-examining the witness, which is one of the ordinary tests provided by law for the ascertainment of truth in the courts of justice."   To the same effect are *Bondman* v. *Reed's Lessees,* 6 Pet., 328; *McMorine* v. *Story,* 4 Dev. & Bat., 189; 1 Phil. on Evi., 364.

In our case the parties are not the same, but very different.

In the first action in which the deposition of Margaret Sinclair was taken, D. M. Kennedy was plaintiff and John Johnson, Margaret Sinclair and Archibald McLaurin were defendants. In the second action in which her deposition was taken, William Gilchrist and Mary L. Johnson were plaintiffs and D. M. Kennedy, Berry Bryan and Kenneth McKenzie were defendants.

In the present action Van Buren Bryan and Jefferson Bryan are plaintiffs, and D. M. Kennedy, William Gilchrist and Albert Malloy are defendants.   D. M. Kennedy is the only party to the present action who was a party to the first action,

and Mary L. Johnson as plaintiff and Kenneth McKenzie as defendant in the second action, are not parties to the present action.

Taking the opportunity of cross-examining Margaret Sinclair, as the test of the admissibility of her testimony, as laid down in the case of *Harper* v. *Burrow, supra*, it will be seen that Gilchrist, a party to the action, was not a party to the first action and had no opportunity to examine the witnesses in that case, and Albert Malloy, who is another party to the present action, was not a party to either of the former actions and had no authority to examine the witnesses in either case. In the first action the defence set up was that the deed from the Sinclairs to Kennedy was fraudulent and void. And the second action, as alleged, was brought to set aside that deed for the same cause. But the present action was brought not only to set aside that deed, but also to set aside the deed made by Kennedy to Gilchrist, on the ground that the latter purchased the land from Kennedy with notice of the fraud perpetrated by Kennedy upon the Sinclairs in obtaining his deed from them. So that the parties are not only different, but there is a difference in the matters in issue in the present action from those in the former actions; and it is held that even where the parties are the same, yet if the same matters are not in issue in the former cause, the depositions are not evidence. Starkie on Ev., 444.

The plaintiffs contended that there was a privity between the parties; that they all derived title directly or indirectly from the Sinclairs; and that that made the depositions admissible. But that is not the kind of privity which makes a verdict, or judgment or deposition, in a former cause, evidence in one that is subsequently brought. Privity in the sense here used is a privity to the former action. To make one a privy to an action, he must be one who has acquired an interest in the subject-matter of the action, either by inheritance, succession, or purchase from a party to the action subsequent to its institution. A privity antedating the action does not work an estoppel. Verdicts,

judgments, depositions in a former cause, and the former testimony of deceased witnesses, are considered as resting on the same principle. And it may be considered as settled law, that in order to make one a privy to another so as to be bound by a judgment to which that other was a party, or to make such judgment competent as evidence against him, he must claim by a title derived since the commencement of the action. It is so laid down in Starkie on Evidence, 328, in Freeman on Judgments, §162, and 1 Wharton's Evidence, §177. Under this rule, then, there is no privity between Kennedy and the plaintiff, for they both claim under deeds made prior to the commencement of the former actions. And Gilchrist, who acquired his title from Kennedy subsequent to the commencement of the action, is no more in privity with the plaintiffs than his bargainor Kennedy.

Neither the plaintiffs nor their ancestor Evan Bryan were parties to the first action, and the deposition in that case could not be used to their prejudice, and, therefore, for want of mutuality they ought not to take advantage of it. Starkie on Evi., 412. For the foregoing reasons we are of opinion there was no error in excluding the deposition.

But there is a still stronger reason why the deposition in the second action should be excluded. For, before a party can offer in evidence a deposition taken in a former action, he must show there was an action pending, in which the deposition was taken, involving the point in question in the action in which it is offered. Starkie on Evi., 343, lays down the rule thus: "The deposition or evidence of a witness in one cause cannot be evidence in another, when the verdict would be inadmissible, for the oath cannot be given in evidence without first giving the verdict in evidence : for otherwise it would not appear that the oath was more than a mere voluntary affidavit." To the same effect is Buller N. P., 242.

In this second case, there is nothing to show that the case was ever constituted in court. The only record is a summons ; no complaint ; no answer ; no issues and no verdict ; only a judgment of nonsuit, which in that case means a *nolle prosequi*.

BRYAN v. MALLOY.

The plaintiffs offered parol evidence to show that the action was brought to set aside the deed made by the Sinclairs to Kennedy. But His Honor excluded the evidence and the deposition taken in the cause. The plaintiffs alleged error in these rulings, and in support of their position relied upon the cases of *Long* v. *Baugas*, 2 Ired., 290, and *Yates* v. *Yates*, 81 N. C., 397.

In the former of these cases Chief-Justice RUFFIN, who spoke for the court, said: "If the record can be aided by the averments and parol evidence, as held in New York, we find according to those cases that it can only be done when from the form of the issues the record does not and could not show the grounds upon which the verdict proceeded, and when the grounds alleged are such as might legally have been given in evidence, under the issue, and were in evidence in such way as to make it appear from the issue and verdict that these facts and grounds must have been necessarily and directly in question, or determined, and that upon these grounds, and no other, the verdict must have been found." In *Yates* v. *Yates*, the court cited this decision with approval and reiterated the doctrine there enunciated.

The principle established in these adjudications is, that parol proof is admissible, and only admissible in aid of the record; that is, whenever the record of the first trial fails to disclose the precise point on which it was decided, it is competent for the party pleading it as an estoppel to aver the identity of the point or question on which the decision was had, and to support it by proof. But there must be a record to be aided. When there is no record, as in our case, there is no foundation for the proof.

Our conclusion is, there is no error, and the judgment of the superior court must therefore be affirmed.

No error.                  Affirmed.