H. W. HARRISON, Guardian, v. J. H. HOFF.

*Plea of Former Judgment—Claim and Delivery—Trover—Trespass for Mesne Profits—Trees Severed from Realty.*

1. The defence of former judgment must be set up specifically in the answer, or it will not be considered. *Blackwell* v. *Dibbrell*, at this term.

2. An action of claim and delivery will not lie to recover logs that had been severed from plaintiff's land, while the defendant was in possession claiming title; nor will trover lie for the conversion of crops by one in adverse possession of land. The remedy in such cases is by action of trespass for mesne profits.

CIVIL ACTION, tried before *MacRae, J.,* at Fall Term, 1888, of WASHINGTON Superior Court.

Plaintiffs appealed.

The following is the case agreed, as settled by the parties:

" This was a civil action, for the recovery of certain timber logs alleged to have been cut and carried by the defendant Hoff from the land of plaintiff."

The following issues were agreed upon :

"1. Are the plaintiffs the owners and entitled to the possession of the personal property described in the complaint?

"2. Does the defendant wrongfully withhold the same from the plaintiffs?

"3. What damage have plaintiffs sustained ?"

It was admitted :

" That the land upon which the timber was cut had belonged to the minor plaintiffs, R. M. and Leola Ausborn.

" That a petition for partition of said land was filed, *ex-parte,* and an order of sale for partition was made by the Clerk, and the land sold by the commissioner appointed for that purpose, and that defendant J. H. Hoff, as guardian for the other defendants, bid off said land at said sale.

" That the commissioner reported the sale, and the Clerk made an order confirming the sale, and directing title to be made to the purchaser, as guardian of the other defendants, upon payment of the purchase money.

" That defendant Hoff paid the purchase money to the commissioner, who made a deed to said Hoff, individually, for said land, and that thereupon said Hoff went into possession of said land, and has been in possession ever since, and while so in possession cut and carried away the timber described in the complaint, which timber was worth $300.

" That the Judge of the Superior Court, about four years after the said sale, refused to confirm the same, and said sale has never been confirmed by a Judge of the Superior Court.

" That at the present term of this Court an action by plaintiff against defendants for the recovery of said land, and damages for the wrongful withholding of the same, was tried, and the plaintiff recovered judgment for the possession of said land, and one penny as damages from the defendants."

Copies of the partition proceedings and of the record in the action for the recovery of said land, are hereby attached as part of this case.

Upon the foregoing facts agreed, the presiding Judge instructed the jury to respond in the negative to the first issue, and gave judgment, from which judgment the plaintiff appealed to the Supreme Court.

*Messrs. C. L. Pettigrew* and *A. W. Haywood*, for plaintiff.
*Mr. B. C. Beckwith* and *Mr. A. O. Gaylord* (by brief), for the defendants.

AVERY, J. An action between the same parties to recover the same land and damages for detention (including the value of timber cut down or destroyed), was brought to the Fall Term, 1887, of the same Court in which this cause was tried, and judgment in favor of the plaintiff, for the recovery of

the land and nominal damages, was rendered at the Fall Term, 1888. Therefore, if the defendant had set up the estoppel as a defence in his answer, it would have barred the plaintiff's right of action, as plaintiff contended on the argument. *Yates* v. *Yates*, 81 N. C., 397; *Tuttle* v. *Harrill*, 85 N. C., 456; *Gay* v. *Stancell*, 76 N. C., 369. But his failure to plead the estoppel, specifically, deprives him of the right to avail himself of that defence. *Blackwell* v. *Dibbrell Bros. & Co., ante.*

But the defendant did plead, by way of new matter, that the action of claim and delivery would not lie to recover logs that had been severed from the land, while the defendant was in possession, and thereby availed himself of the very same principle that made the judgment in the former action a bar. It was held, that fodder which had been severed did not pass to the plaintiff in ejectment, when put into possession under a writ, while growing corn did .pass to him with the land, because he could recover the value of the fodder in his action for mesne profits. Moreover, the additional reason for confining the owner to his action of trespass for mesne profits was, that if the action of trover was allowed to be brought for the goods, it would subject to liability any person who bought a bushel of corn from the trespasser while in possession. *Brothers* v. *Hurdle*, 10 Ired., 490; *Ray* v. *Gardner*, 82 N. C., 454.

The motion for new trial was properly refused. The judgment is affirmed.

No error.                                        Affirmed.