J. O. GAULDIN, ADMINISTRATOR OF BESSIE VIRGINIA GAULDIN, v. THE TOWN OF MADISON.

(Filed 21 April, 1920.)

1. **Evidence—Records—Courts—Burden of Proof—Trials.**

> Where a record in a former action is relevant in the present one, the record itself is the only evidence admissible to prove its contents, unless it is shown by the party desiring it, with the burden of proof on him, that it once existed and has been lost, or having existed it cannot be produced.

2. **Same—Limitation of Actions—Pleadings—Nonsuit.**

> Where a judgment by default for the want of an answer has been entered, and a motion to set it aside has been made, and it is necessary for the plaintiff in the present action to recover for a wrongful death, to repel the bar of the statute by showing that the causes of action were the same, and that suit had been commenced within a year, any evidence of what the complaint would have set forth, had it been filed, including affidavits used in the motion to set the former judgment aside, is incompetent.

CIVIL ACTION, tried before *McElroy, J.,* and a jury, at November Term, 1919, of ROCKINGHAM.

This suit was brought to recover damages upon the allegation that the defendant had negligently caused the death of the plaintiff's intestate by a defect in one of its streets, known as Water Street, at its junction with the bridge over the Dan River, the deceased having been thrown violently from the buggy in which she was riding, resulting in injuries to her person from which she died on 22 August, 1914. Defendant denied that it had been guilty of negligence, pleaded contributory negligence, and specially set up as a defense that the death of plaintiff's

intestate occurred on 22 August, 1914, and this action was commenced more than one year from the said death. Plaintiff replied, admitting that this action was commenced on 19 October, 1916, more than one year after his intestate's death, but alleging that an action was previously commenced by summons which was issued on 16 August, 1915, and served on 20 August, 1915, it being returnable to November term of the Superior Court of Rockingham County. That the said action was, on motion of the defendant therein, dismissed by the court on the last day of November Term, 1919 (4 December, 1919), for failure to file a complaint. That, at the next term of the court the plaintiff moved to set aside the judgment of dismissal upon affidavit alleging that the former action "was based upon a claim for damages for the wrongful death of Bessie Virginia Gauldin, caused by a defect in the street of said town of Madison." The motion was denied by Judge Webb, then presiding, and no appeal was taken. Summons was issued in the present action, 19 October, 1916, and served 1 November, 1916.

At the trial of the present action the court below excluded the said affidavit and the judgment or order of Judge Webb, and all other evidence offered by plaintiff for the purpose of identifying the present with the former action, in order to repel the effect of the statute, that a suit to recover damages for death by wrongful act shall be brought within one year after the death. Upon the exclusion of all available and existing evidence offered by plaintiff to carry the burden of the issue as to the bar of the statute he submitted to a nonsuit and appealed.

*Douglas & Douglass, J. R. Joyce, J. M. Sharp, and R. M. Robinson for plaintiff.*

*C. O. McMichael, J. C. Brown, and Manly, Hendren & Womble for defendant.*

WALKER, J., after stating the material facts as above: The plaintiff contends that the affidavit of Mr. J. R. Joyce, filed by him, and upon which he based his motion to set aside the former judgment, was competent to prove the cause of action in the first suit in order to repel the bar of the statute, by showing the identity of the cause of action in this case with that in the former suit, and that the court erred in excluding it. We do not agree with the contention, and hold, to the contrary, that the court was right in its decision upon the question. No pleading was filed in the first action, and the only way that we know of to show what the cause of action was, is by the production of the complaint itself or a duly certified copy thereof. The complaint itself is the *only* evidence of the cause of action alleged, or *intended* to be alleged. Nothing else can prove it, or, as has so often been held by this Court, a record is the

GAULDIN *v.* MADISON.

*only* proof of itself, which the law will hear. The precise question was raised and decided in *Bryan v. Malloy,* 90 N. C., 508, where a suit was brought and no complaint, or other pleading filed, but a deposition was taken by the plaintiff and remained on file. Both parties were present when the deposition was taken, but it was never read or offered in evidence. The first action was nonsuited. A second suit was brought, but no complaint was filed, and it was attempted to be shown in the pending action by the oral examination of the plaintiff in that action what was the cause of action therein. This evidence was excluded. The defendant then in the pending action, in which pleadings had been filed, submitted to a nonsuit and appealed. This Court sustained all the rulings. The Court, after a clear discussion of the matter by *Justice Ashe,* closed with these words: "The principle established in these adjudications is that parol proof is admissible, and only admissible in aid of the record; that is, whenever the record of the first trial fails to disclose the precise point on which it was decided, it is competent for the party pleading it as an estoppel to aver the identity of the point or question on which the decision was had, and to support it by proof. But there must be a record to be aided. When there is no record, as in our case, there is no foundation for the proof."

In the later case of *Tomlinson v. Bennett,* 145 N. C., 279, the Court referring to the passage just taken from *Judge Ashe's* opinion says: "The learned justice used the word 'record' as synonymous with 'pleading.' " *Justice Connor* further says in the *Tomlinson case, supra:* "Plaintiff encounters another difficulty: How is the Court to know what the defendant, the plaintiff in this action, would have alleged therein as his cause of action? We do not think parol evidence would be competent to show what a plaintiff would have alleged in a complaint which was never filed. . . . The only record here is a summons; no complaint; no answer; no issue, and no verdict—only a judgment of nonsuit, which in that case means a *nolle prosequi.*" Concluding the discussion, and referring to the class of cases in which parol evidence is admissible to make more specific the issues decided in a former action, the learned justice proceeds to the review of *Bryan v. Malloy, supra,* and says that *Justice Ashe* states the correct rule in that case, which is, that the court will not admit any evidence to prove a record other than the record itself, unless that once existed and has been lost, or having existed, cannot be produced, and the burden of showing this rests upon the party relying upon the record. It would seem that this is sufficient authority to sustain a proposition so universally recognized as law, that the best and only proof of a record is by the record, as in no other mode can we be properly advised. But there is unlimited authority to sustain it. *Comrs. v. Packing Co.,* 135 N. C., 62-68; *Rollins v. Wicker,* 154

N. C., 559; *Wade v. Odeneal,* 14 N. C., 423; Hughes on Procedure, pp. 14 and 749; *Munday v. Vail,* 34 N. J. L., 418; *Mondel v. Steel,* 8 Mess. & W. 858. A judicial record is neither to be originally created, nor can it be increased or diminished by averment out of or beyond that record. Hughes on Procedure, p. 749; 17 Cyc., 497, 567, 571; *Dimick v. Brooks,* 21 Vt., 578. In *Wade v. Odeneal, supra, Ruffin, J.,* said: "The question is, how this judgment is to be proved. Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings. . . . The records may be identified by testimony, but their contents cannot be altered, nor their meaning explained by parol. The acts of the court cannot thus be established."

In *Rollins v. Wicker, supra,* where the plaintiff proposed to set up a record by parol evidence, which was excluded, the Court said: "The ruling was correct. That was not the way to prove the fact, even if the evidence was otherwise competent. The record itself is the primary and only competent proof of its contents, unless it has been lost or destroyed, and there was no suggestion that it had been."

A careful scrutiny of the authorities appears to show that no principle in the law of evidence is more universally accepted as the only correct one as that which excludes parol evidence to show what a pleading would, perhaps, have been if it had been filed. It must seem to be clear, apart from precedent, that a cause of action should be shown only by the complaint itself. Any other doctrine would be unsafe, without the support of a single sound reason and would be palpably wrong.

The rule is thus tersely, and aptly, stated in 17 Cyc., 504: "It is generally held that the proceedings, judgments, and decrees of courts of record can be proven only by the record itself or a properly authenticated copy thereof, and that, if no record of such matters has ever been made, the absence of the record cannot be supplied by parol or other extrinsic evidence; the rule whereby secondary evidence is admitted as to lost or destroyed records not being applicable."

Dr. Thayer says, in his excellent treatise of Evidence, at p. 390, that, according to the modern and better view, the parol evidence rule is not merely one of evidence, but of substantive law. Parol proof is excluded, not because it is lacking in evidentiary value, but because the law for some substantive reason declares that what is sought to be proved by it shall not be shown other than in one certain way, and everything, whether oral or in writing, which is extrinsic to the method prescribed is excluded. Greenleaf on Evidence (16 ed.), sec. 350; *Pitcairn v. Phillip Hess Co.,* 125 Fed. Rep., 110, 113.

In 10 R. C. L., sec. 329, p. 1121, we find it stated that, "A judgment and the proceedings in the case in which it has been rendered are prop-

erly proved by the record itself, or by a certified copy. Indeed, except in case of the loss or destruction of the record, it cannot be proved otherwise than by the original, or by a duly authenticated copy."

And in 23 R. C. L., at sec. 7, p. 158: "The acts of a court of record are known by its record alone, and cannot be established by parol testimony." It is manifest, therefore, that the affidavit of Mr. Joyce, and the findings in Judge Webb's order refusing to set aside the judgment of nonsuit in the first action, should not, and cannot, be made proof of the record in this case, nor can they be used to import into that record anything not already therein. The rule admitting only the record to prove itself, or its contents, applies only to such matters as originally and legitimately were in the record, and the record cannot be made, or originated by mere collateral proceedings. They are not in any correct or proper sense proof of the original record. 17 Cyc., 304. The rule excluding parol evidence to supply a pleading never filed, or to read into any part of the record that which was omitted, and never, in fact, existed as a part of it, cannot be avoided by a mere form. The law refuses to receive any kind of evidence except the record to establish what it is. Besides, the affidavit does not profess to say that there ever was a record, that is, a pleading filed, corresponding in kind to its allegations as to the cause of action, and all it really does state, in effect, is that plaintiff intended to file such a complaint, but did not do so. This is very far from complying with the rule, and if we should allow such procedure we would be deciding against all precedent and authority. Judge Webb only stated that plaintiff claims that the former case was one to recover damages for the death of his intestate, and that is all he could find upon the evidence.

Unless, at the time the suit was dismissed, there appeared in the record of it, and in the proper way a statement of the nature of the plaintiff's cause of action, there is now no way for plaintiff to show what, in fact, it was, because the law has declared that there has been provided a way for him to disclose the nature of his cause of action, and if that way is not followed there is no other way open to him. The way prescribed is a complaint. *Tomlinson v. Bennett,* 145 N. C., 279. The doctrine of the courts in respect to the proof of judicial records is thus well stated by *Justice Wayne,* in *Weatherhead's Lessee v. Bakerville,* 11 Howard (U. S.), 329, (13 L. Ed., 717): "The rule in respect to judicial records is that, before inferior evidence can be received of their contents, their existence and loss must be clearly accounted for. It must be shown that there was such a record, that it has been lost or destroyed, or is otherwise incapable of being produced; or that its mutilation from time or accident has made it illegible. In this last, though, not without the production of the original in the condition in which it may be."

A lost record, or pleading, or other part of the record, may be shown by parol, but before even this can be done it must be shown that the instrument *once* existed. This is the essential first proof. *Improvement and R. Co. v. Munson,* 14 Wallace (U. S.), 442-449 (20 L. Ed., pp. 867, 872); *Bouldin v. Massie's Heirs,* 7 Wheaton (U. S.), 122 (5 L. Ed., 414). You cannot even show by parol testimony the contents of a record or document until you have established its former existence and its loss, or the impossibility of producing it.

We discussed fully, in *Person v. Roberts,* 159 N. C., 168, the question as to the competency of parol evidence to show what was the cause of action in a prior suit, when no complaint had been filed, and reached the same conclusion as we have in this case. It was there said: "It appears that a former suit was brought, but no complaint filed, and plaintiffs were permitted to show by parol what was the cause of action in that case, for the purpose, we presume, of rebutting the defense of the statute of limitations, or, to be more exact, the claim of title by adverse possession. If it had been material to show that the two actions were for the same cause, and the same relief, the ruling would be erroneous. The point was decided against the contention of the plaintiffs in *Bryan v. Malloy,* 90 N. C., 508, in which *Justice Ashe* says :'Verdicts, judgments, depositions in a former cause, and the former testimony of deceased witnesses are considered as resting on the same principle. . . . The plaintiffs offered parol evidence to show that the action was brought to set aside the deed made by the Sinclairs to Kennedy. But his Honor excluded the evidence and the deposition taken in the cause.' "

The ruling in *Bryan v. Malloy, supra,* was approved as appears from the above passage taken from the opinion of the Court. The case of *Person v. Roberts* was practically identical with this one, and, at least, sufficiently so to control the present decision. If the deposition was not competent in *Bryan v. Malloy,* which indicated what would have been the cause of action if a complaint had been filed, we fail to perceive how an affidavit filed in a collateral proceeding to set aside the judgment by default can possibly be admitted to show the cause of action in the case.

The plaintiff, in order to avoid the condition of the statute giving an action for death caused by wrongful act, that it shall be brought within one year after the death, has tried to prove the impossible, which is, that he brought a former action for the same cause within one year after the death of the intestate, when it affirmatively appears, and is not denied, that no complaint was ever filed in the former suit, which could be the only proof of his allegation. In other words, that he can prove an essential fact by something that never existed. *Bryan v. Malloy, supra,* and other cases we have cited to the like effect.

What is said herein does not affect the power of the court to amend its record in any manner necessary to make it speak the truth or to supply a missing record in a proper case. That rule implies, as we have said, that a record, or an entry was ordered to be made which by inadvertence was not made, or by clerical or other mistake or mishap an entry was not made as ordered, and other similar cases.

Judge McElroy was right when he intimated against the plaintiff, and drove him to the nonsuit from which he appealed.

No error.