ALICE H. LITTLE v. FRED R. BOST AND G. R. LITTLE.

(Filed 20 November, 1935.)

**Limitation of Actions B g—Complaint in prior action is only evidence competent to establish identity of action with prior action nonsuited.**

> Upon defendant's plea of the statute of limitations, plaintiff contended that the action was instituted within one year of nonsuit in a prior action, and that the prior action had been instituted before the bar of the statute. C. S., 415. No complaint was filed in the prior action, and plaintiff sought to establish the identity of the actions by her written application to the court in the former action for extension of time for filing her complaint. *Held:* The complaint in a former action nonsuited is the only evidence competent to establish the identity of such action with a subsequent action instituted within one year of the nonsuit, and the exclusion of the evidence offered by plaintiff was not error.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Clement, J.,* at August Term, 1935, of CABARRUS. Affirmed.

This is an action to recover damages for personal injuries suffered by the plaintiff and caused, as alleged in the complaint, by the negligence of the defendants.

The action was begun in the Superior Court of Cabarrus County, North Carolina, on 22 December, 1934. The cause of action alleged in the complaint accrued on 27 November, 1930. The defendant G. R. Little, in his answer, denied the allegations of negligence in the complaint, and in his further defense to the action pleaded the three-year statute of limitations. In her reply the plaintiff alleged:

"1. That paragraph 1 of the further answer and defense is untrue and denied, the truth being that while the accident complained of in the original complaint occurred on 27 November, 1930, the plaintiff above named, Alice H. Little, filed a suit in the Superior Court of Cabarrus County, N. C., on 24 November, 1933, which was within three years from the time within which the cause of action accrued against both the defendants above named, which said action, upon the motion of the defendant G. R. Little, was dismissed and nonsuited as to the defendant G. R. Little, on 5 January, 1934, and was dismissed and nonsuited as to the other defendant, Fred R. Bost, on 22 December, 1934; and under the statute, C. S., 415, the plaintiff above named had one year after 5 January, 1934, within which to bring a new action against defendant G. R. Little, and one year from 22 December, 1934, within which to bring a new action against the other defendant, Fred R. Bost; and that within said one year the plaintiff complied with all the requirements of C. S., 415, and commenced the present action."

Within apt time, and after notice to the plaintiff, the defendant G. R. Little moved before the clerk of the Superior Court of Cabarrus County that all of paragraph 1 of the reply be stricken therefrom, on the ground that no complaint was filed in the action which was begun by the plaintiff against the defendants on 24 November, 1933, and for that reason no competent evidence was available to the plaintiff to show that the action which was begun on 24 November, 1933, was identical with this action.

Upon the hearing of this motion, it was ordered by the clerk that all of paragraph 1 of the reply be stricken therefrom, and that plaintiff have leave to file an amended reply. From this order the plaintiff appealed to the judge of the Superior Court.

At the hearing of the appeal the order of the clerk was affirmed by the judge, and plaintiff appealed to the Supreme Court, assigning as error the refusal of the judge to admit certain evidence offered by the plaintiff to sustain her contention that the action begun by her against the defendants on 24 November, 1933, was identical with this action.

*B. W. Blackwelder for plaintiff.*
*Fred B. Helms for defendant G. R. Little.*

CONNOR, J. At the hearing of her appeal from the order of the clerk allowing defendant's motion that certain allegations in her reply be stricken therefrom, the plaintiff offered as evidence to show that the action begun by her against the defendants on 24 November, 1933, is identical with the present action, an application in writing made by her attorneys in the former action for an extension of time within which she might file her complaint in said action. In this application, the plaintiff showed to the court that her action was to recover damages for personal injuries suffered by the plaintiff, resulting from an automobile wreck on 27 November, 1930, which was caused by the negligence of the defendants. To the refusal of the judge to admit said application as evidence the plaintiff excepted, and on her appeal to this Court assigns such refusal as error. This assignment of error cannot be sustained.

It is admitted that no complaint was filed by the plaintiff in the action which was begun by her against the defendants on 24 November, 1933. The application made in said action for an extension of time within which a complaint might be filed is not admissible as evidence to show that the cause of action on which she sought to recover in said action is identical with the cause of action on which she seeks to recover in this action. In *Gauldin v. Madison,* 179 N. C., 461, 102 S. E., 851, it is said by *Walker, J.,* that the complaint itself is the only evidence of the cause of action alleged, or intended to be alleged. It is well settled by the uniform decisions of this Court that parol evidence is not admissible to

show the cause of action on which the plaintiff sought to recover in an action which has been dismissed by judgment of nonsuit. *Drinkwater v. Western Union Telegraph Co.,* 204 N. C., 224, 168 S. E., 410, and cases cited in the opinion in that case. The order in the instant case is in accord with this principle and is

Affirmed.

Devin, J., took no part in the consideration or decision of this case.