Civil action to recover damages for alleged actionable negligence.
Plaintiff by his next friend, duly appointed, alleges that he was injured 7 March, 1935, as the proximate result of the actionable negligence of the defendant and is thereby damaged.
Defendant denies the material allegations of the complaint, and as further defense pleads in substance that on or about 29 July, 1935, plaintiff James F. Gibson, by his duly appointed next friend, Lillie Gibson, instituted an action against the defendant in the Superior Court of Davidson County, North Carolina, to recover damages on the same cause of action alleged in the present action; that plaintiff filed complaint, which with summons was served upon defendant as provided by law; that defendant appeared and filed answer; that thereafter plaintiff *Page 667 
came into court and represented that he could prosecute the action without a next friend, whereupon an order was made making him a party individually; that thereupon plaintiff filed a duly verified complaint on 10 October, 1935, to which defendant filed answer; that the case came on for hearing at the October Civil Term, 1935, of the Superior Court of said county and was heard before Shaw, Judge presiding, by whom final judgment was signed with the written consent of plaintiff individually, and defendant, through their attorneys of record; that the said judgment was entitled: "James F. Gibson, by his next friend, Mrs. Lillie Gibson, and James F. Gibson, plaintiffs, v. Thomas W. Gordon, defendant," and recites: "It appearing to the court that all matters in controversy have been compromised and settled between the plaintiffs and defendant and that the defendant has agreed to pay the plaintiffs the sum of one thousand dollars ($1,000) in full settlement of all matters alleged in the complaint, and the court having heard the evidence and counsel and after through investigation by the court the above settlement is found to be just and reasonable and a fair and equitable settlement for the plaintiff, James F. Gibson"; and that all matters in the present action were finally determined and adjudicated in the former. Defendant, thereupon, specifically avers that plaintiff is estopped by the judgment roll and judgment in the said former action, which are pleaded as an estoppel.
In reply, plaintiff denied that the alleged judgment is res adjudicata;
and alleges that the judgment in the former action in Superior Court of Davidson County was purely formal; that the action was "instituted and carried on only to give apparent sanction to the alleged settlement without proper or ample judicial investigation of the facts and circumstances surrounding said matters and things, upon which the right or extent of the alleged recovery is based"; that plaintiff was then mentally incompetent and incapable of consenting to a settlement; that in his deranged condition plaintiff refused to permit his wife as next friend to control the suit, and forced a settlement without consent of next friend; that defendant knew "the plaintiff was seriously and permanently injured and knew that the plaintiff was coercing and forcing plaintiff's wife to allow said alleged settlement therein, . . ." and knew that the court had no knowledge of such fact, and: "that in making settlement, under these circumstances, defendant deceived the court and practiced a fraud on the plaintiff and on the court."
Upon the case being called for trial, defendant moved to dismiss the action for that the plaintiff is estopped by the said judgment of Shaw, J., in the former action.
Defendant introduced in evidence the judgment roll and judgment in the former action in the Superior Court of Davidson County; and also *Page 668 
check of the clerk of said court payable to James F. Gibson for $1,000, "For judgment of James F. Gibson v. Thomas W. Gordon"; and endorsed by James F. Gibson and by Phillips and Bower, attorneys of record for plaintiff therein. Objection by plaintiff. Exception.
The court below finds the facts with respect to the former action to be as alleged in the further defense of defendant; that the defendant paid the amount of the judgment and all costs into the office of the clerk of Superior Court of Davidson County; that the clerk thereafter, by check, paid James F. Gibson the sum of $1,000; and that James F. Gibson and his attorneys endorsed the check. The court, being of opinion that the judgment in the former action is res adjudicata as to the matters and things alleged in the complaint in the present action, and that the plaintiff herein is estopped from maintaining the action, entered judgment dismissing same, from which plaintiff appeals to the Supreme Court and assigns error.
Careful consideration of the assignments presented in the record on this appeal fails to disclose error.
The record and judgment in the former action are relied upon as a bar to recovery in the present action between the same parties upon the same cause of action. The plea of estoppel on that ground is properly and distinctly pleaded as a defense. Harrison v. Hoff, 102 N.C. 126, 9 S.E. 638;Blackwell v. Dibbrell, 103 N.C. 270, 9 S.E. 192; Stancill v. James,126 N.C. 190, 35 S.E. 245.
The record itself in the former action, being in existence, is the only evidence admissible to prove its contents. Gauldin v. Madison, 179 N.C. 461,102 S.E. 851; Little v. Bost, 208 N.C. 762, 182 S.E. 448.
If in the former action plaintiff were sane and capable of consenting to the judgment, he is bound by his consent evidenced by his signature and by that of his attorneys. Cason v. Shute, 211 N.C. 195, 189 S.E. 494, and cases cited. If it be contended that he did not consent or were incapable of consenting, the proper procedure in attacking such judgment is by motion in the cause. Cason v. Shute, supra.
Where consent judgment, entered in an action by a minor, or by a personnon compos mentis, by his next friend, in compromise of claim for damages for injury by actionable negligence, recites that the court has investigated the facts and that the settlement is just and reasonable, such judgment is binding upon the minor or the person non compos mentis, and constitutes a bar to later action against the same party on the same cause of action. Oates v. Texas Co., 203 N.C. 474, *Page 669 166 S.E. 317. If the plaintiff in the former action had not regained his sanity, the judgment therein shows upon its face that the court investigated the facts and found that the settlement is just, reasonable, fair and equitable.
The judgment below is
Affirmed.