MRS. NETTIE M. ABERNETHY v. J. H. ARMBURST, EXECUTOR OF
MRS. W. L. ABERNETHY.

(Filed 10 April, 1940.)

1. **Judgments § 35—**

    This action was instituted by a husband and wife against an executrix to recover for personal services rendered to the testatrix under contract. The executrix pleaded as an estoppel a prior judgment rendered in an action instituted by testatrix against the husband and wife. *Held:* The record in the prior action was properly admitted in evidence, and is the only evidence competent to prove its content.

2. **Judgments § 32—Prior judgment held to bar subsequent action, it appearing that both actions were based upon same contract and that rights of parties thereunder had been adjudicated.**

    A husband and wife instituted an action against an executrix alleging that they had boarded and cared for testatrix under an agreement with

testatrix that in return therefor she would permit them to occupy part of her house, furnish lights and water and further compensate them in money out of the proceeds of a contemplated sale of a certain parcel of land. The executrix pleaded in bar a judgment entered in an action instituted by testatrix a year prior to her death under which the husband and wife were ejected from the premises upon adjudication that they had breached their contract to care for testatrix and were therefore no longer entitled to occupy the premises. The husband took a voluntary nonsuit and the action against the executrix was prosecuted by the wife. *Held:* Although the prior action was in ejectment, it adjudicated the existence of the contract and that plaintiff had breached same and therefore the judgment bars the second action and precludes the *feme* plaintiff from seeking to recover on the same contract which a jury had theretofore found had been breached by her.

APPEAL by plaintiff, Nettie M. Abernethy (plaintiff R. O. Abernethy having submitted to a voluntary nonsuit), from *Bobbitt, J.,* at November Term, 1939, of CATAWBA.   Affirmed.

Civil action to recover compensation for personal services rendered defendant's testatrix. Plaintiffs allege, and offer evidence tending to show, that on or about 7 June, 1935, they entered into a contract with the defendant's testatrix under the terms of which they were to move to and occupy a part of the residence of the deceased and have access to certain other portions thereof in consideration of the agreement on their part to pay the grocery bills of the deceased and to render such care, attention and assistance as one in her physical condition required, and that the deceased would further compensate them in money when she received funds from the contemplated sale of a parcel of land adjoining her residence lot.

The defendant admits an agreement between the plaintiffs and his testatrix under the terms of which, as he alleges, plaintiffs were to have the right to occupy a certain portion of the home of his testatrix, in return for such care, attention and assistance from the plaintiffs as the condition of the deceased might reasonably require, the said deceased to provide water and lights.

The defendant further pleads that the matters and things herein at issue have heretofore been adjudicated in an action instituted by Mrs. W. L. Abernethy, now deceased, against these plaintiffs, tried at the May Term, 1939, Catawba County Superior Court.

The defendant offered in evidence the judgment roll in the former action and at the conclusion of all the evidence the court below entered judgment allowing defendant's plea of *res judicata* and dismissing the action. The plaintiff excepted and appealed.

*W. A. Self and M. H. Yount for plaintiff, appellant.*
*Theodore F. Cummings for defendant, appellee.*

BARNHILL, J.   There was no error in the admission of the judgment roll in the former action.   Defendant's testatrix was the party plaintiff therein and these plaintiffs were the parties defendant.   The record in the former action being in existence is the only evidence admissible to prove its contents.   *Gauldin v. Madison,* 179 N. C., 461, 102 S. E., 851; *Little v. Bost,* 208 N. C., 762, 182 S. E., 448; *Gibson v. Gordon,* 213 N. C., 666, 197 S. E., 135; *Whitaker v. Garren,* 167 N. C., 658, 83 S. E., 759; *Bruton v. Light Co., ante,* 1.

The former action was an action in ejectment to recover from these plaintiffs possession of that portion of the house occupied by them under the contract set forth in this complaint upon the allegation that these plaintiffs had breached the contract.   In that action these plaintiffs demanded a bill of particulars in respect to the terms and conditions of the contract, the breach of which was alleged.   In response to this demand defendant's testatrix, plaintiff therein, filed the following: "Mrs. W. L. Abernethy was to furnish to Mr. and Mrs. R. O. Abernethy, house, water and lights in consideration of said Abernethys' furnishing to Mrs. W. L. Abernethy board and care."

At the trial of said cause in the Superior Court the jury, by its verdict, found as a fact that there was a contract as alleged by the plaintiff therein; that the defendants therein (plaintiffs herein) had breached said contract; and that the plaintiff therein (defendant's testatrix) was entitled to the immediate possession of said premises.   These plaintiffs removed from said premises after a writ of possession had been issued in that action and an officer had called to their attention the fact that he had said writ for service.

The plaintiff R. O. Abernethy having submitted to a voluntary nonsuit, became a witness for the plaintiff Nettie M. Abernethy for the purpose, in part, of proving the contract.   He testified: "Let me explain.   I testified in that case and I swore to exactly the same state of facts that I have sworn to here today, as near as I can recall.   There should not be any difference in my testimony that I have given today and the testimony given in that case.   It is as near the same as any human being can tell it.   Upon that the issue (as to) the contract were answered adversely to me and to my wife.   My wife and I did not appeal from the judgment rendered in that case.   Upon that verdict and the judgment is what this order (the writ of possession) was issued upon."

While the former action was an action in ejectment and for the possession of real property, the plaintiff therein was entitled to possession only in the event that the plaintiffs herein had breached their contract to furnish food and care for the plaintiff therein, a paralytic, now deceased. The judgment roll in that case and the evidence offered by the plaintiff

herein show conclusively that the issue as to what the contract was between these plaintiffs and the defendant's testatrix was fully litigated. It was further found as a fact by the jury that these plaintiffs breached the contract about 12 months before the death of defendant's testatrix. The *feme* plaintiff seeks now to again litigate these issues and to recover compensation for services under a contract which a jury has heretofore found was breached by her. This may not be permitted. She has had her day in court and must abide by the judgment rendered. As it was adjudged in the former action that she has breached the contract she may not now recover thereon in this action.

The judgment below is

Affirmed.