ROBERT PAGE JONES v. EDITH JONES, Alias ADA BENNINGTON JONES.

(Filed 15 December, 1954.)

Evidence § 38—

> Where a witness testifies that she had received a paper under seal which had been lost, it is error for the court to permit her to testify to the effect that the paper was a decree of divorce from her former husband, it being required that it be shown that the original record, rather than a mere copy thereof, had been lost or destroyed as the foundation for the admission of secondary evidence of its contents, since otherwise the record itself, being in existence, is the only evidence admissible to prove its contents.

PLAINTIFF's appeal from *Clarkson, J.,* 31 May, 1954, Civil Term, GUILFORD Superior Court, Greensboro Division.

The plaintiff instituted this suit in the Superior Court of Guilford County on 25 January, 1954 for the purpose of annulling the marriage contract entered into between the parties on 7 August, 1927, upon the ground that at the time the parties entered into the contract the defendant had a living husband, Benton F. Jones, to whom she had been lawfully married and from whom she was not divorced. The plaintiff further alleged that he and the defendant separated on 4 December, 1953, and

since the date of the separation had been living continuously separate and apart; that both .parties are residents of Guilford County, North Carolina. The plaintiff further alleged that in the year 1950 the parties adopted Paulette Page Jones, now six and one-half years of age, who has resided with the defendant since the separation; that the plaintiff is the proper person to have the sole custody and control of said child.

The defendant answered, admitting her marriage to the present plaintiff on the date alleged and her former marriage to Benton F. Jones in Cedar Springs, Virginia, on 17 January, 1917. She also admitted the separation from the present plaintiff on the date alleged. The other allegations of the complaint were denied. By way of further defense, she alleges that she and Benton F. Jones lived together in the State of Virginia after their marriage in 1917 and then separated. "That after the defendant and Benton F. Jones had been separated for two years or more, the defendant in this action retained an attorney and paid him a fee of $150.00 to institute for her an action against Benton F. Jones for an absolute divorce; that a divorce action was instituted. The deposition of this defendant was taken and she received some time later a certified copy of the divorce decree; that the defendant is informed and believes and therefore alleges, that she was granted a valid and absolute divorce from Benton F. Jones prior to August 7, 1926." She alleges that she is a fit person to have the custody of Paulette Page Jones; that she and the plaintiff entered into a separation agreement under the terms of which the defendant was given sole custody and control of Paulette Page Jones, and the plaintiff agreed to pay the defendant the sum of $50.00 per month for the support of the child; that the plaintiff has failed to live up to said promises; that since April, 1954, the child has been staying in a home in or near Atlanta, Georgia, maintained by the Christian Church; that the plaintiff has contributed only $50.00 to the support of Paulette in the year 1954 and that otherwise he is not a fit, proper, or suitable person to have custody of the child.

Plaintiff offered testimony tending to show that Benton F. Jones is now living near Wytheville, Virginia, and that after the separation the defendant lived in Roanoke, Virginia; that the defendant admitted since the separation from the plaintiff that she did not have a divorce from Benton F. Jones. Defendant testified in her own behalf, stating that she employed an attorney in Roanoke, Virginia, about the year 1922, paid him $150.00, gave a·deposition to the attorney, and later received a document with a seal on it which she left at the home of Dr. Porter on leaving Roanoke; that the paper was lost and has been lost for more than 20 years. Over objection she was permitted to testify as to the contents of the document.

The following issues were submitted to the jury, with the answers indicated:

"1. Did the defendant marry the plaintiff at Winston-Salem, North Carolina, on or about August 7, 1926? Answer: Yes.

"2. If so, at the time the defendant married the plaintiff, did the defendant have a living husband from whom she had never been divorced, as alleged in the complaint? Answer: No."

Judgment was entered according to the jury's verdict, from which the plaintiff appealed.

*Robert A. Merritt, Wharton, Poteat & Wharton, and William M. Poteat for plaintiff, appellant.*

*Jordan & Wright, by Luke Wright, for defendant, appellee.*

HIGGINS, J. The question in dispute in the case below was whether the defendant had obtained a divorce from her former husband. She was permitted to testify that she paid a lawyer in Roanoke, Virginia, the sum of $150.00, gave a deposition, and that later she obtained a paper with a seal on it which she left at Roanoke, Virginia, twenty or twenty-five years ago and had not seen since. The court, over objection, permitted her to testify as to her recollection of the contents of the document. She said: "The best I recall, it was Ada Bennington Jones *vs.* or something like that, Benton F. Jones . . . I don't remember what it was exactly, except something about me being divorced by the State of Virginia." The court evidently admitted this testimony over objection on the theory that the defendant had laid the foundation for the introduction of parol testimony to prove the contents of a lost document. However, his Honor overlooked the fact that the paper could be nothing more than a copy of an original record of the Circuit Court of Virginia. The contents of a court record cannot be proved by parol upon the mere showing that some copy of it has been lost or destroyed.

In order to admit secondary evidence of the contents of a court record, it is necessary that the foundation be laid by showing the original record has been destroyed, or lost. "The record itself in the former action, being in existence, is the only evidence admissible to prove its contents." *Gibson v. Gordon,* 213 N.C. 666, 197 S.E. 135; *Gauldin v. Madison,* 179 N.C. 461, 102 S.E. 851; *Little v. Bost,* 208 N.C. 762, 182 S.E. 448.

"The proceedings of courts of record can be proved by their records only; that is by reason of the vagueness and uncertainty of parol proof as to such matters, and of the facility which the record affords of proving them with certainty. Public policy and convenience require the rule, and a necessary consequence from it is the absolute and undeniable presumption that the record speaks the truth." *S. v. Norris,* 206 N.C. 191, 173 S.E. 14.

It is unnecessary to examine other questions raised by the appeal.
New trial.