STATE OF NORTH CAROLINA v. BILLY HUGH MICHAELS

No. 7127SC208

(Filed 28 April 1971)

1. **Automobiles § 126; Evidence § 31— drunken driving — second offense — court record as best evidence of first offense**

   In a prosecution for a second offense of drunken driving, the court record was the best evidence to establish defendant's first conviction of the offense, and the trial court erred in allowing a former municipal court clerk to testify from memory as to what the record indicated where there was no showing that the court record had been lost or destroyed.

2. **Automobiles § 126— drunken driving — incompetent evidence to show second offense — prejudice — maximum and minimum sentences for first and second offenses**

   In a prosecution for a second offense of drunken driving, error in the admission of evidence to establish defendant's prior conviction was not rendered harmless by the 1969 amendment to G.S. 20-179 which set a maximum sentence of six months imprisonment for either a first or second offense, since the minimum sentence permitted for a second

offense remains greater than the minimum permitted for a first offense.

APPEAL by defendant from *Falls, Superior Court Judge,* 5 November 1970 Session of GASTON County Superior Court.

Defendant was tried in the District Court of Gaston County under a warrant charging that on or about 26 April 1970, defendant unlawfully drove a motor vehicle on the public highways of this State while under the influence of intoxicating liquor. The warrant further charged: "The defendant had previously been convicted of this same offense on December 15, 1955, in the Municipal Court, Gastonia, North Carolina." The District Court entered a verdict of guilty and found the conviction to be defendant's second offense "he having been convicted in the Municipal Court of Gastonia, N. C., on the 15 day Dec. 1955 (case no. 2613)." Judgment was entered imposing a sentence which was suspended for five years upon condition defendant pay a fine of $300 and comply with certain other conditions. Defendant appealed to the Superior Court.

Upon trial in Superior Court the jury returned a verdict of guilty as charged and specifically found defendant to have been previously convicted of driving an automobile while under the influence of an intoxicant in December of 1955. Judgment was entered imposing an active term of six months imprisonment. Defendant appealed.

*Attorney General Morgan by Assistant Attorney General Melvin and Assistant Attorney General Costen for the State.*

*Childers and Fowler by Max L. Childers and H. L. Fowler, Jr., for defendant appellant.*

GRAHAM, Judge.

G.S. 15-147 provides: "In any indictment for an offense which, on the second conviction thereof, is punished with other or greater punishment than on the first conviction, . . . a transcript of the record of the first conviction, *duly certified,* shall, upon proof of the identity of the person of the offender, be sufficient evidence of the first conviction." (Emphasis added.)

[1] The State did not offer into evidence any record, certified or uncertified, to show defendant's previous conviction. Rather,

it undertook to establish the previous conviction by the testimony of a magistrate who had formerly served as clerk of the City Court of Gastonia. He testified that he had reviewed the files of that court for 15 December 1955. Then, in response to questions by the solicitor, the witness proceeded to testify, presumably from his own recollection, as to what the court record indicated. Defendant objected to each question propounded and moved to strike the witness' testimony. Defendant's objections were overruled and his motion to strike the testimony was denied. Defendant excepted to each ruling and assigns as error the admission of the witness' testimony on the ground that the court record itself constituted the best evidence.

This assignment of error must be sustained. In *Jones v. Jones*, 241 N.C. 291, 85 S.E. 2d 156, Higgins, Justice, speaking for the court, set forth the following rule:

> "In order to admit secondary evidence of the contents of a court record, it is necessary that the foundation be laid by showing the original record has been destroyed, or lost. 'The record itself in the former action, being in existence, is the only evidence admissible to prove its contents.' *Gibson v. Gordon*, 213 N.C. 666, 197 S.E. 135; *Gauldin v. Madison*, 179 N.C. 461, 102 S.E. 851; *Little v. Bost*, 208 N.C. 762, 182 S.E. 448."

Quoting from *State v. Norris*, 206 N.C. 191, 173 S.E. 14, Justice Higgins' opinion continues as follows:

> " 'The proceedings of courts of record can be proved by their records only; that is by reason of the vagueness and uncertainty of parol proof as to such matters, and of the facility which the record affords of proving them with certainty. Public policy and convenience require the rule, and a necessary consequence from it is the absolute and undeniable presumption that the record speaks the truth.' "

Here, no foundation was laid for the introduction of the magistrate's testimony in that there was no showing that the court record had been lost or destroyed. Indeed, the contrary is indicated by testimony that "[t]he record is in City Hall."

[2]  With respect to this assignment of error the State argues in its brief that while error may appear, it is harmless since under the 1969 amendment to G.S. 20-179 the maximum punish-

ment permissible for either offense is six months imprisonment. Before the amendment, only the minimum penalties for the two offenses were set forth in the statute. Since no maximum punishment was fixed by the statute, two years imprisonment could be imposed for either offense. *State v. Lee,* 247 N.C. 230, 100 S.E. 2d 372. Under the 1969 amendment, the minimum sentence permitted upon conviction for a second offense remains greater than the minimum permitted upon conviction for a first offense. Consequently, we see no significance in the 1969 amendment with respect to whether the error complained of here was prejudicial.

The case of *State v. Stone,* 245 N.C. 42, 95 S.E. 2d 77, appears controlling. There, defendant was charged with operating an automobile while under the influence of an intoxicant; "same being his third offense. . . . " Proper evidence was introduced as to one of the previous convictions; but as to the second, the trial court erroneously permitted the introduction of a court record showing that defendant had pleaded *nolo contendere* to the charge. Defendant was convicted and sentenced to six months imprisonment, a sentence which would have been permissible even if the conviction had been for a first offense. The Supreme Court ordered a new trial, holding that a plea of *nolo contendere* in a prior case is not equivalent to a plea of guilty as a basis for pronouncement of judgment under G.S. 20-179. The following language in the opinion is pertinent:

"Since the evidence was sufficient to establish defendant's guilt in respect of a violation of G.S. 20-138 on 13 July, 1956, the judgment pronounced was authorized by G.S. 20-179, whether this was defendant's first, second or third violation thereof; for the difference in the punishment prescribed by G.S. 20-179 for a second or subsequent violation of G.S. 20-138 concerns only the *minimum* punishment to be imposed. Even so, these facts confront us: first, the court below may have been influenced in pronouncing judgment by the jury's verdict purporting to establish defendant's present conviction as his third conviction; and second, the admission in evidence of the record of the plea of *nolo contendere* entered 10 January, 1950, was prejudicial error. Since it did not support the allegation as to a prior *conviction* on 10 January, 1950, evidence offered initially by the State tending to show that defendant had been previ-

State v. Michaels

ously charged with an unrelated prior criminal offense and of the disposition thereof under plea of *nolo contendere* was incompetent. *S. v. McClain,* 240 N.C. 171, 81 S.E. 2d 364, and cases cited."

In *State v. White,* 246 N.C. 587, 99 S.E. 2d 772, defendant was charged in an original warrant with one previous offense of driving while under the influence of an intoxicant. Upon transfer of the case to the Superior Court defendant was indicted and convicted for a third offense. Upon appeal, the Supreme Court held:

"[T]he jurisdiction of the Superior Court was derivative and it had no power to impose a penalty greater than that provided for a second offense, since the violation charged in the original warrant alleged such violation as being a second offense. *S. v. Miller, supra.* It is true that under the provisions of G.S. 20-179 a penalty as great as that inflicted in the court below might be imposed for a first or second offense. *S. v. Stone, supra.* However, it appears from the judgment entered in the court below that his Honor took into consideration this conviction as being a third offense in determining what sentence should be imposed. Consequently, the judgment on the second count is hereby set aside and the cause is remanded for sentence as for a second offense as provided in G.S. 20-179."

The opinion noted that unlike *State v. Stone, supra,* no contention was made that any incompetent evidence was introduced to establish either of the previous convictions. Therefore, a new trial was unnecessary in the case, though it was necessary that it be remanded for proper sentencing.

Here, as in *State v. Stone, supra,* incompetent and prejudicial evidence was introduced to establish the previous conviction. Therefore a new trial must be ordered.

Since a new trial is necessary, we do not discuss other assignments of error.

New trial.

Judges CAMPBELL and BRITT concur.