GEORGE F. LATTIMORE, JR. v. C. WHID POWELL AND GEORGE S. GOODYEAR, INDIVIDUALLY AND C. WHID POWELL AND GEORGE S. GOODYEAR, T/A COLONY COMPANY

No. 7210SC363

(Filed 2 August 1972)

1. Rules of Civil Procedure § 60— motion to vacate summary judgment — excusable neglect and newly discovered evidence

Court did not err in denying plaintiff's motion to vacate summary judgment entered against him, the grounds for the motion being that plaintiff's present counsel was unaware of a prior action by plaintiff which constituted excusable neglect and that the existence of the prior action constituted newly discovered evidence.

2. Limitation of Actions § 12— tolling of statute of limitations — issuance of summons — extension of time to file complaint

Issuance of summons and application for extension of time to file complaint did not toll the running of the three-year statute of limitations against plaintiff.

APPEAL from Brewer, Judge, 13 December 1971 Session, Superior Court, WAKE County.

On 5 June 1969, plaintiff filed complaint and summons issued in this action by which he seeks to recover $102,000 compensatory damages and punitive damages to be assessed. He alleged that defendants agreed to pay him a commission of 15% of the cost of construction of certain apartment buildings in return for his supervision of the construction. He further alleged that the agreement was made in July or August 1963, and that construction which he agreed to supervise was completed in June 1965. Plaintiff made demand on defendants for his compensation in that month and thereafter, but was advised that the apartments would be refinanced and when this was accomplished plaintiff would be paid. By answer, defendants denied the alleged agreement. By first further answer and defense they averred that Cresmont Builders was employed to construct the apartments and had been fully paid; that if plaintiff was employed on this job it was by Cresmont. Release of Cresmont Builders, Inc., was attached to the answer. By second further answer and defense defendants set up the three-year statute of limitations as a bar to plaintiff's recovery.

Defendants then filed written motion for summary judgment under Rule 56, North Carolina Rules of Civil Procedure.

The motion was based upon the pleadings, affidavit of defendant Goodyear, and affidavit of defendant Powell. The affidavits were to the effect that affiants were partners, trading as Colony Company; that neither had entered into any written agreement with plaintiff regarding the subject of this action; that neither had ever signed any writing setting forth any acknowledgment or promise of any new or continuing contract; that all services of plaintiff in the construction of the apartments were discontinued on or before October 1965. Upon motion of plaintiff's counsel, order was entered allowing counsel to withdraw. The court, on 17 March 1971, entered judgment allowing defendant's motion for summary judgment. On 24 November 1971, counsel for plaintiff moved that the court enter an order vacating the judgment, the grounds for the motion being newly discovered evidence and excusable neglect.

When the motion came on for hearing, plaintiff introduced into evidence the summons, application for extension to file complaint, order extending time to 6 June 1968, and judgment of voluntary nonsuit entered 6 June 1968 in a prior action.

From the order denying his motion, plaintiff appealed.

*Carl E. Gaddy, Jr., for plaintiff appellant.*

*Newsom, Graham, Strayhorn, Hedrick and Murray, by Josiah S. Murray III, for defendant appellees.*

MORRIS, Judge.

Although plaintiff's motion to vacate the summary judgment did not state the rule number under which he was proceeding, as required by Rule 6, General Rules of Practice for the Superior and District Courts, adopted by the Supreme Court pursuant to G.S. 7A-34, effective 1 July 1970, we assume he purported to proceed under G.S. 1A-1, Rule 60.

[1] Plaintiff argues that the judgment should be set aside because his present counsel was not made aware of the prior action until after summary judgment was rendered and this is sufficient to establish excusable neglect. Further he contends that the existence of the prior action constitutes newly discovered evidence. It is inconceivable that plaintiff was unaware of the prior action since it was instituted in his behalf and by counsel retained by him. Plaintiff's failure to apprise his

counsel of the prior action is not the attention to his litigation required by our prior decisions. *Meir v. Walton,* 2 N.C. App. 578, 163 S.E. 2d 403 (1968), cert. denied 274 N.C. 518 (1968); *Hodge v. First Atlantic Corp.,* 6 N.C. App. 353, 169 S.E. 2d 917 (1969), cert. denied 275 N.C. 681 (1969).

Nor is the existence of the prior action "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." G.S. 1A-1, Rule 60(b)(2). To say plaintiff was unaware of an action in-instituted by him would be ludicrous.

[2] However, even if it could be said that error was committed in either of the above two respects, the issuance of summons without filing a complaint would not toll the three-year statute of limitations. Assuming the continued applicability of the provisions of former G.S. 1-25, plaintiff's failure to file a complaint would deprive him of that protection. *Little v. Bost,* 208 N.C. 762, 182 S.E. 448 (1935). There the Court held that application for extension of time within which to file complaint is not admissible to show identity of the causes of action. ". . . [T]he complaint itself is the only evidence of the cause of action alleged, or intended to be alleged." 208 N.C. at p. 763.

Plaintiff's contention that the running of the statute of limitations was tolled by the promise of defendant Goodyear in 1965 to pay him when the apartments were refinanced is also without merit. Plaintiff concedes that there is neither allegation nor evidence of any writing required by G.S. 1-26 to repel the bar of the statute of limitations in an action on a contract. Plaintiff further concedes that there is neither allegation nor evidence that defendants requested plaintiff to delay the institution of the action upon their promise to pay the alleged commission.

Upon the record before us we find no error in the judgment of the trial tribunal.

Affirmed.

Judges BROCK and HEDRICK concur.